QUIMBY v. BLACKEY & a.

The fraud by which a cause of action is concealed need not be other than that which caused the original injury, in order to prevent the operation of the statute of limitations.

Where a witness testified to an act of her own calculated to enhance her credit with the jury, evidence offered by the other side tending to disprove the act was properly admitted.

When an act for which damages are recoverable in a civil suit at the same time constitutes a felony, it is not necessary that there should be a criminal prosecution of the defendant before a civil action can be maintained.

ASSUMPSIT, to recover $250 and interest from January 1, 1872. Plea, the general issue, and statute of limitations.    Verdict for the plaintiff.    At the trial, April term, 1884, the plaintiff testified that in November, 1871, he lost his pocket-book, containing about $300, and that he had no information that either of the defendants had the money until March, 1883.    The defendant John N. Blackey has resided in this state, and the defendant Ira N. Blackey out of this state, all the time since 1871.    There was evidence tending to show that John N. Blackey found the pocket-book and money in the fall of 1871, and hid it away in a hay-mow, and that both the

defendants, knowing the same to be the property of the plaintiff, appropriated the money to their own use.

The defendants moved for a nonsuit on the ground that, as to the defendant John N. Blackey, the action was barred by the statute of limitations. The motion was denied, and the defendants excepted.

Mrs. E. E. Barker, a witness called by the defendant, testified that Florence K. Blackey, a witness for the plaintiff, had made threats against the defendant John N. Blackey. When asked to give the exact language, Mrs. Barker remarked that she had rather not, as it was obscene and profane; also that she. sent her son out of the room to prevent his listening to her profanity.

Mrs. Blackey was recalled by the plaintiff, and against the objection of the defendant, testified that Mrs. Barker was herself in the habit of using profane language, and was allowed to state that she had heard Mrs. Barker, on various occasions, use profane language, giving the same. To this the defendant excepted.

There was no evidence that any criminal proceedings had been commenced against the defendants or either of them for the offence, and the defendants objected that the action could not be maintained until such proceedings were had.

The court ruled otherwise, and the defendants excepted.

*D. H. Hill* and *E. A. Hibbard*, for the plaintiff.

*P. Wentworth, W. M. Weed,* and *W. J. Copeland,* for the defendants.

SMITH, J.   1. The fraud by which a cause of action is concealed need not be other than that which caused the original injury, in order to prevent the operation of the statute of limitations (*Way* v. *Cutting*, 20 N. H. 187, 192), or which from its nature remains secret. *Bailey* v. *Glover*, 21 Wall. 342. The defendants' neglect to give information to the plaintiff, in December, 1871, of the finding of his money, and to restore it to him, knowing it was the plaintiff's money, was a fraud upon him. By their silence and inaction afterwards " the original fraud was kept on foot." Their wilful silence was a fraudulent concealment of the plaintiff's cause of action, and constitutes a sufficient answer to the plea of the statute of limitations. *Bowman* v. *Sanborn*, 18 N. H. 205; *Douglas* v. *Elkins*, 28 N. H. 26, 32; *Coolidge* v. *Alcock*, 30 N. H. 352; *Way* v. *Cutting*, 20 N. H. 187; *Wear* v. *Skinner*, 46 Md. 257; *Stearns* v. *Page*, 7 How. 819; *Bailey* v. *Glover*, 21 Wall. 342, 348; *Sherwood* v. *Sutton*, 5 Mason 143; *Booth* v. *Lord Warrington*, 4 Bro. P. C. 163; *South Sea Co.* v. *Wymondsell*, 3 Peere Wms. 143; 2 Gr. Ev., s. 448; 2 Sto. Eq. Jur., s. 1521.

2. Mrs. Barker's excuse for not giving the exact language of Mrs. Blackey's threats, and for sending her son out of the room, would be likely to impress the jury favorably in regard to her

credibility as a witness.    If Mrs. Blackey, the plaintiff's witness, made threats against John N. Blackey, that fact was material to be shown.    If Mrs. Barker was herself in the habit of using profane language, and of permitting her son to use it in her presence, it might tend to show that her alleged reason for not giving the exact language of the threats was untrue, and might tend to show that she was untruthful in her testimony in regard to Mrs. Blackey. The testimony was competent as tending to contradict the witness upon a material point, and for the purpose of weakening her testimony.    Martin v. Towle, 59 N. H. 31, 32.

3. The ancient rule, requiring a criminal prosecution of the offender before allowing a civil action, is not adapted to our situation and circumstances, and has not been adopted in this state. Pettingill v. Rideout, 6 N. H. 454; Hollis v. Davis, 56 N. H. 74, 85.    So far as Bank v. Flanders, 4 N. H. 239, may seem to hold otherwise, it has been overruled by subsequent decisions and universal practice and understanding.

Exceptions overruled.

CARPENTER, J., did not sit : the others concurred.