Hillsborough, }
April 6, 1915. }

### FRANK HAMLIN *v.* JULIA E. OLIVER.

The defendant's fraudulent concealment of the plaintiff's cause of action is a sufficient answer to a plea of the statute of limitations.

In an action for deceit, the plaintiff is required to allege and prove, not only that the defendant's representation was false, but also that it was made with knowledge of its falsity.

Where the declaration in an action for deceit is technically defective in that it contains no averment of a *scienter*, permission to amend is granted as of course.

CASE, for deceit. Transferred without ruling from the May term, 1914, of the superior court by *Young*, J.

The first count of the declaration alleges in substance as follows: In September, 1897, the defendant borrowed $600 of the plaintiff and gave as security therefor a mortgage of real estate. Subsequently she borrowed $200 more and gave the plaintiff a deed of the mortgaged premises, taking a bond for reconveyance. The loans were not paid, and the defendant surrendered the bond upon receipt of a further sum. At the time of the first loan, the defendant showed the plaintiff certain land and buildings and represented them as the property she proposed to mortgage, and he advanced the money in reliance upon her representation. The count con-

cludes: "The defendant misrepresented to the plaintiff her property and the location thereof, and by reason of her misrepresentations the plaintiff has been put to great expense and ·damage. . . . The defendant willfully or negligently did not know and did not show the plaintiff the right and true bound of the land she owned by deed, and deceived the plaintiff and conveyed to him by her deed a parcel of land not bounded and described the same as the land she led him to believe she would convey to him, and by reason of her misconduct in this regard the plaintiff has been injured," etc.

A second count sets out the same facts as to the conveyance and the defendant's exhibition of premises, and alleges that the plaintiff believed he had title to the land and buildings shown him until January, 1906, "when he became satisfied that the defendant did not have at the time she conveyed to him, or since said date, any deed of the land upon which said buildings stood, but that .she had misrepresented to him the facts as herein set forth; and the defendant has fraudulently kept the knowledge of her misrepresentations from the plaintiff until said January, 1906, when the plaintiff was disturbed in the possession of the premises and was compelled to make an investigation of the title to said property."

The defendant demurred upon the following grounds: (1) The debt referred to in the plaintiff's declaration is barred by the statute of limitations; (2) the count in said declaration as far as it sounds in deceit is also barred by the statute of limitations; (3) the declaration sets forth no cause of action which is maintainable at law.

*Frederick J. Gaffney* and *Walter E. Kittredge*, for the plaintiff.

*Doyle & Lucier* and *Stephen L. Hallinan*, for the defendant.

PLUMMER, J. The fraudulent concealment by the defendant of the plaintiff's cause of action is an answer to the plea of the statute of limitations. *Quimby* v. *Blackey*, 63 N. H. 77, 78; *State* v. *Nute*, 63 N. H. 79, 80; *Way* v. *Cutting*, 20 N. H. 187. If the defendant pleads the statute, it may be avoided by proof of the facts alleged in the second count.

In an action for deceit, the plaintiff must allege and prove, not only that the representation was false, but also that it was made with a fraudulent intent. *Spead* v. *Tomlinson*, 73 N. .H. 46, 60. "The declaration should include an averment of a *scienter*, that is, a knowledge by the vendor that the representation made is false,

which amounts to fraud. The fraud being the gist of the action, an averment of it cannot be dispensed with. In this, all the authorities agree." *Bedell* v. *Stevens*, 28 N. H. 118, 125; *Hoitt* v. *Holcomb*, 23 N. H. 535, 552; *Mahurin* v. *Harding*, 28 N. H. 128, 131; *Hanson* v. *Edgerly*, 29 N. H. 343, 357; *Pettigrew* v. *Chellis*, 41 N. H. 95, 102; *Springfield* v. *Drake*, 58 N. H. 19. The counts in the plaintiff's declaration seem technically defective in this respect. As the case is understood, fraud is the ground of the plaintiff's action. If that be the case, permission to perfect the declaration by amendment will be granted as of course.

*Case discharged.*

All concurred.