Coos
No. 6311

JOHN D. ROBERTS, SR. v. RICHARD & SONS, INC.

April 30, 1973

*David B. Shepatin,* by brief and orally, for the plaintiff.

*Bergeron & Hanson (Mr. Arnold P. Hanson* orally) for the defendant.

GRIFFITH, J. Plaintiff brought suit with a count in assumpsit for breach of contract and a count in negligence both seeking damages for the cost of remedying certain alleged defects in a garage and showroom erected by the

defendant for the plaintiff under a written contract. Plaintiff's suit was brought February 9, 1970, more than six years after the building was completed and occupied by the plaintiff in November 1963. Defendant's motion to dismiss based upon the six-year statute of limitations (RSA 508:4) was granted by the Trial Court (*King,* J.) who reserved and transferred plaintiff's exception.

Plaintiff argues that the defects now complained of were not discovered by him until May 1964, and that the statute should not begin to run until that month. It was in May 1964 that plaintiff complained of certain defects to defendant who attempted to remedy them but was unsuccessful, according to plaintiff's claims. Plaintiff relies upon *White v. Schnoebelen,* 91 N.H. 273, 18 A.2d 185 (1941), in support of the date of discovery as being the date the cause of action accrued. The *White* case involved a house destroyed by lightning in 1937 as a result of a defectively installed lightning rod in 1930. The court there held that the cause of action did not accrue until plaintiff suffered damage from defendant's negligence. The case is not analogous to the facts alleged here since the damage occurred and the cause of action accrued in November 1963, and not in May 1964, when the plaintiff discovered the defects.

Plaintiff has not alleged fraudulent concealment of the defects by defendant so that he does not come within the exception that relieves a plaintiff from the statute of limitations until he knew or should have known of damages fraudulently concealed from him by the defendant. *Hamlin v. Olivier,* 77 N.H. 523, 93 A. 966 (1915); *Lakeman v. LaFrance,* 102 N.H. 300, 156 A.2d 123 (1959). Plaintiff's argument would require us to establish an exception to the general rule which dates the accrual of the cause of action from the time the damages occurred, and would date accrual from when plaintiff knew or should have known of the damages.

The general rule in tort actions has been that ignorance of the cause of action on the part of the plaintiff does not toll the statute of limitations. 54 C.J.S. *Limitations of Actions* § 205 (1948); 51 Am. Jur. 2d *Limitation of Actions* § 146 (1970). An exception to this rule has been recognized by some courts and commentators generally in medical malpractice cases

where a foreign object has been left in a plaintiff following an operation. *Fernandis v. Strully*, 35 N.J. 434, 173 A.2d 277 (1961); *Layton v. Allen*, 246 A.2d 794 (Del. 1968); Note, *Developments in the Law – Statutes of Limitations*, 63 Harv. L. Rev. 1174, 1200-05 (1950); Prosser, Torts § 30 (4th ed. 1971); Annot., 144 A.L.R. 209 (1943); Annot., 80 A.L.R.2d 368 (1967).

These cases have established a rule dating the cause of action from the date of discovery of the injury by the plaintiff. While this rule has not gained universal acceptance, courts which have rejected it have found the factual situation troublesome. This was true particularly when the statute barred a plaintiff's claim before he knew he had been wronged. *Tantish v. Syendey*, 158 Me. 228, 182 A.2d 660 (1962); *Pasquale v. Chandler*, 350 Mass. 450, 215 N.E.2d 319 (1966); *Wyler v. Tripi*, 25 Ohio St. 2d 164, 267 N.E.2d 419 (1971).

The factual situation here is not as persuasive as in the tort actions involving malpractice since on the basis of the plaintiff's allegations his ignorance of his cause of action for a few months left him over five years to bring his action. In any event, the discovery exception has generally been limited to tort actions and the plaintiff's labeling of a count as tort is not determinative. "The determination of whether an action is on a contract or tort is not controlled by the form of the action but by its substance." *Dunn & Sons, Inc. v. Paragon Homes of New England, Inc.*, 110 N.H. 215, 217, 265 A.2d 5, 7 (1970); *Cloutier v. Kasheta*, 105 N.H. 262, 197 A.2d 627 (1964); *Lakeman v. LaFrance supra*. The count in tort here alleges negligent performance of a contract claiming as damages the cost of remedying the defects in defendant's performance. In substance it is the same as the count in contract and asks that the plaintiff be placed in the same position as he would have been had the defendant properly performed the contract. It is an action for breach of contract not tort.

An action for breach of contract unlike a tort action accrues when the breach occurs whether any damage then occurred or not. 11 Williston, Contracts § 1290 (3d ed. W.H.E. Jaeger 1968); 51 Am. Jur. 2d *Limitation of Actions* § 126 (1970).

Neither the one-year warranty nor the work performed by the defendant after acceptance of the building changes the date of accrual of the action since plaintiff's claim arises from the original breach. The Uniform Commercial Code in establishing a four-year statute of limitations for actions for breach of contract of sales specifically provides: "A cause of action accrues when the breach occurs regardless of the aggrieved party's lack of knowledge of the breach." RSA 382-A:2-725 (2). No reason appears to apply a different rule to the six-year statute of limitations applicable to the contract here. RSA 508:4; *Poole v. Terminix Co. of Maryland and Washington, Inc.,* 200 F.2d 746 (D.C. Cir. 1952); *see Kennedy v. Johns-Manville Sales Corp.,* 135 Conn. 176, 62 A.2d 771 (1948); *Mendel v. Pittsburg Plate Glass,* 25 N.Y.2d 340, 253 N.E.2d 207, 305 N.Y.S.2d 490 (1969).

*Plaintiff's exceptions overruled;*
*judgment for the defendant.*

All concurred.