Rockingham
No. 6537

TOWN OF DERRY

v.

RONALD DiORIO AND CAROL DiORIO

July 24, 1973

*Grinnell & Bureau* and *Robert E. Carr* (*Mr. Carr* orally) for the plaintiff.

*Sayer & Giordano* (*Mr. James Sayer, Jr.*, orally) for the defendants.

GRIFFITH, J. This is a petition for a temporary and permanent injunction to restrain the defendants from using their land as a corral and stable area for a pony. The town had previously notified the defendants that they were violating the local zoning ordinance and had ordered them to cease keeping the pony on their premises. The defendants had failed to comply. The prayer for a temporary injunction was denied by *Grant*, J. on August 23, 1971, and the case was referred to Attorney *Leonard C. Hardwick*, as Master.

The master filed a report first noting that no action had been taken by the defendants to appeal the order of the town to the zoning board of adjustment and that in the

absence of such an appeal as provided by the legislature the court was without jurisdiction to consider the validity of the order of the town. The master then recommended continuing the case pending an appeal to the zoning board of adjustment within ten days of the approval of his recommendation. The master's recommendation was approved October 27, 1971. No objection or exception was filed to this order and the defendants proceeded to appeal to the zoning board of adjustment. Their appeal was denied and a rehearing was denied on December 15, 1971.

On January 3, 1972, the defendants filed the letter denying their rehearing with the clerk of the superior court together with a letter from their counsel stating he assumed there was nothing further to do, for the matter now was to be heard by the superior court. On January 11, 1972, counsel for the town wrote the court that in his opinion the defendants, if aggrieved by the decision of the board of adjustment, should appeal to the court in the usual manner.

On January 13, 1972, the master in writing further explained his previous order permitting defendants to adjudicate the issues raised before the board of adjustment and stated: "The case was continued to give DiOrio an opportunity to comply with the statutory requirements for an appeal, and if the request was denied, to appeal from the decision of the board. It was not the intent of the master's report to waive any such requirements." On February 4, 1972, defendants then filed a document entitled "Appeal from Board of Adjustment", which did not comply with the appeal statute, RSA 31:77, but merely repeated the allegations of their original answer. This document was filed after the thirty-day period for appeal allowed in RSA 31:77. On February 28, 1972, the defendants filed a motion requesting permission to file a late appeal. On February 29, 1972, the master made the following recommendation which was approved by the court: "After reviewing all the circumstances of the case, and the possible misinterpretation by the defendants of the master's prior recommendations, the master finds and rules that justice requires that the defendants be permitted to appeal from the decision of the zoning board of adjustment to the superior court as provided in RSA 31:77 and that

the statutory time limit for said appeal be waived. The master recommends the motion be granted, provided that said appeal is made to the superior court in proper form and according to prescribed procedure, within ten days of the effective date of this decree."

The defendants took no further action and on May 15, 1972, the master issued his report setting forth what had occurred and concluding as follows: "The Master finds and rules that the issues the defendants seek to raise in defense against the petition for injunction were adjudicated adversely to the defendants by the board of adjustment and having failed to properly prosecute an appeal to the superior court from the board's decision, that they are now foreclosed from raising any such issues in the present case."

The master's report recommended the issuance of a permanent injunction against the use by defendants of their land as a corral and stable area for a pony. This report was approved by *Morris, J.* who reserved and transferred defendants' exceptions. It should be noted at the outset that the defendants here, unlike the situation in *Londonderry v. Faucher,* 112 N.H. 454, 299 A.2d 581 (1972), did not object or save an exception to the ruling of the master requiring them to exhaust their administrative remedies to determine the validity of the town's order. Instead they proceeded to pursue their administrative remedies with an appeal and the master's ruling became the law of the trial to which they may not now object.

In the appeal here defendants rely solely on a claim that the document they filed February 4, 1972, entitled "Appeal from Board of Adjustment," fully complies with the provisions of RSA 31:77. This statute provides that: "Any person aggrieved by any decision of the board of adjustment or any decision of the legislative body of such municipality may apply to the superior court within thirty days after the action complained of, has been recorded, by petition, setting forth that such decision is illegal, unjust or unreasonable, in whole or in part and specifying the grounds upon which the same is claimed to be illegal, unjust, or unreasonable."

Calling a document an "Appeal from Board of Adjustment" does not alone constitute compliance with RSA 31:77. The

378

statute provides that an appeal must claim the decision of the board "is illegal, unjust or unreasonable in whole or in part" and specify "the grounds upon which the same is claimed to be illegal, unjust or unreasonable." Nowhere does this so-called appeal claim that the board of adjustment decision is "illegal, unjust or unreasonable" nor specify any grounds for an appeal. Indeed the prayer of the document contains no reference to the board of adjustment at all. Substance, and not its title, determines what a pleading is. The master correctly ruled that the defendants had failed to comply with RSA 31:77 and are bound by the adjudication of the board of adjustment. *See Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 304 A.2d 364 (1973); *Dunn & Sons Inc. v. Paragon Homes of New England, Inc.*, 110 N.H. 213, 217, 265 A.2d 5, 7 (1970).

*Defendants' exceptions overruled; remanded.*

All concurred.