Merrimack
No. 82-105

CORA CATE FRENCH

v.

R. S. AUDLEY, INC. & a.

July 13, 1983

*Sheehan, Phinney, Bass & Green,* of Manchester (*Peter S. Cowan* on the brief and orally), for the plaintiffs.

*Eaton, Solms, Mills & McIninch,* of Manchester (*Richard E. Mills* on the brief and orally), for the defendants.

BATCHELDER, J. These are interlocutory appeals from the Merrimack County Superior Court (*Cann,* J.) raising questions regarding the precise time at which the statute of limitations begins to run with respect to a claim for enhanced damages brought pursuant to the wilful trespass statute, RSA chapter 539. The questions before us are as follows: (1) May the "discovery rule" be applied, under any circumstances, to toll the effect of the statute of limitations as set forth in RSA chapter 539, and (2) if so, do the facts and circumstances set forth in the record justify the application of the "discov-

ery rule" in these cases to toll the two-year statute of limitations set forth in RSA chapter 539.

The cases before us arose from the plaintiff landowners' initial proceeding in equity against Robert S. Audley, an abutting landowner, seeking to enjoin him from further cutting and excavation activities upon the two parcels in question. These actions were commenced July 18, 1980. For the purposes of this case, the parties agree that the significant portion of the defendants' trespassory activities concluded on May 18, 1978, but that the plaintiffs' first knowledge of the damage to the property occurred in early spring of 1980. By a motion to join party defendants dated June 3, 1981, the plaintiffs sought to include as parties certain corporate defendants, whose identity was revealed through discovery of the originally named defendant. The corporate defendants later joined are R. S. Audley, Inc., Pasami Equipment Company, Inc., and New England Crushing Company, Inc. d/b/a/ Hooksett Crushed Stone.

In addition to seeking injunctive relief, the plaintiffs' petition also sought both damages as allowed by common law and the quintuple damages allowed under RSA 539:1 (Supp. 1981) for the *wilful* removal of trees, as well as treble damages allowed under RSA 539:4 with respect to the *wilful* removal of soil. The corporate defendants concede that the plaintiffs' common law actions in trespass for the same activity were timely brought in view of the six-year statute of limitations, RSA 508:4 (Supp. 1981). However, they moved to dismiss the claims for multiple damages, claiming the benefit of the two-year statute of limitations, RSA 539:8. They contend that the activities at issue occurred more than two years prior to the time when the corporate defendants were joined in this action.

The parties' arguments on the motion to dismiss were heard by a Master (*Frank B. Clancy*, Esq.), who found that the plaintiffs were in "no position until recently to discover the wrongdoing." The master recommended that the discovery rule be applied so as to permit the plaintiffs to maintain their actions pursuant to RSA chapter 539, notwithstanding their lack of discovery of the wilful trespass within two years. The trial court approved the master's recommendation and denied the defendants' motion for reconsideration, and this interlocutory appeal was permitted.

■ The multiple damages provisions of RSA chapter 539 are intended to deter people from damaging or removing the marketable resources specified in the statute. *Woodburn v. Chapman*, 116 N.H. 503, 504, 363 A.2d 197, 198 (1976). In the absence of this provision for enhanced damages, the risk that a property owner would have valuable resources taken from him without his consent is substantial.

RSA 539:8 provides: "No action under the provisions of this chapter shall be maintained unless begun within two years *after the cause of action accrued.*" (Emphasis added.) The plaintiffs maintain that it was appropriate in this case to construe the two-year statute of limitations as beginning to run, not when the trespassory acts occurred, but when they discovered the wrongdoing. They claim the benefit of the "discovery rule" which this court has applied in certain tort actions so that the statute of limitations begins to run when the plaintiffs discover or through reasonable care and diligence should have discovered the harm. *See McKee v. Riordan,* 116 N.H. 729, 730–31, 366 A.2d 472, 473 (1976).

■■ The applicability of the discovery rule is a matter involving interpretation and application of the statute of limitations, and therefore is a judicial policy determination. *Shillady v. Elliot Community Hosp.,* 114 N.H. 321, 325, 320 A.2d 637, 639 (1974). The discovery rule is premised on equitable principles: It is manifestly unfair to foreclose an injured person's cause of action before he has had a reasonable chance to discover its existence. *Brown v. Mary Hitchcock Memorial Hosp.,* 117 N.H. 739, 741–42, 378 A.2d 1138, 1139–40 (1977). We have previously applied the discovery rule generally to cases of professional malpractice, *see Carson v. Maurer,* 120 N.H. 925, 936, 424 A.2d 825, 833 (1980) (medical malpractice); *McKee v. Riordan,* 116 N.H. at 731, 366 A.2d at 473 (legal malpractice), and to drug products liability cases, *Raymond v. Eli Lilly Co.,* 117 N.H. 164, 174–75, 371 A.2d 170, 176–77 (1977). Recently, we held that the statute of limitations in an action to quiet title did not begin to run until the moving party learned that someone had made an adverse claim to the realty. *Brooks v. Toperzer,* 122 N.H. 139, 142, 441 A.2d 1177, 1179 (1982).

■■ However, we have not extended application of the rule to claims based upon breach of contract. *Roberts v. Richards & Sons, Inc.,* 113 N.H. 154, 156–57, 304 A.2d 364, 366 (1973). The determination of whether an action is a contract or a tort action is not controlled by the form of the action, but by its substance. *Id.* at 156, 304 A.2d at 366. Claims arising under RSA chapter 539 are wilful trespass and therefore essentially tort actions, and, in the case at hand, we are asked to apply the discovery rule to actions for damages to real property which arise from tortious conduct.

■■ We hold that there is no reason to distinguish between applying the "discovery rule" to actions arising under RSA chapter 539 and other types of tortious claim for which the discovery rule has been previously applied. We agree with the Supreme Court of

Hawaii that "[a]lthough there are factual differences between actions to recover damages to persons and property, they are insufficient to justify" not applying the discovery rule to both types of actions. *Basque v. Yuk Lin Liau*, 50 Haw. 397, 399, 441 P.2d 636, 637 (1968). In *Guion v. State Department of Transportation and Development*, 391 So. 2d 1367, 1368 (La. App. 1980), a case analogous to the one at hand, a Louisiana court held that the three-year prescriptive period for a claim against the State transportation department did not begin to run until the plaintiff discovered the encroachment from a survey initiated when his wife died and her estate was subject to distribution.

█ Persuasive practical and policy arguments support the position which we take today. Statutes of limitation serve society's purposes by keeping from the courts those claims which are stale or in which credibility has been eroded by the passage of time and faltering memories. Such statutes are designed to serve the judicial process by providing a degree of certitude and stability in the adjudication of conflicting interests. Nevertheless, a plaintiff should not be prejudiced by a delay occasioned by the fact that he is unaware of his injury or that he does not know his adversary. Our decision today is consistent with a strong policy in favor of adjudication of claims on their merits.

█ Accordingly, we hold that a cause of action involving harm to property will not accrue under the discovery rule until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that he has been injured, but also that his injury may have been caused by the defendant's conduct. *Raymond v. Eli Lilly Co.*, 117 N.H. at 171, 371 A.2d at 174. This policy will prevent reasonably diligent landowners from being barred from recovery for damages to their property when due diligence does not result in the discovery of damages and the identity of the wrongdoer until the statutory period has expired.

█ █ The application of the rule to a particular case presents a question of fact. *See Brown v. Mary Hitchcock Memorial Hosp.*, 117 N.H. at 742, 378 A.2d at 1140. A master's determinations in this regard will not be overturned unless they are unsupported by the evidence or erroneous as a matter of law. *Id.*, 378 A.2d at 1140. In the instant cases, the master found that the "plaintiffs appear to have been in no position until recently to discover the wrongdoing alleged to have occurred." This standard is a subjective one, whereas the discovery rule is based upon the objective standard of reasonableness. Accordingly, we remand for a finding as to whether the

plaintiffs exercised the reasonable diligence required to invoke the discovery rule. *See id.* at 743, 378 A.2d at 1140.

*Remanded.*

All concurred.