Hillsborough
No. 83-196

SOPHIA ANTONIOU

v.

THEODORE J. KENICK

March 2, 1984

*Craig, Wenners & McDowell P.A.*, of Manchester (*Joseph F. McDowell, III*, on the brief), by brief for the plaintiff.

*Betley & Betley,* of Manchester (*Joseph J. Betley* on the brief), by brief for the defendant.

DOUGLAS, J. The principal issue in this appeal is whether the trial court erred in granting the defendant's motion to dismiss. We hold that the trial court properly granted the motion, and, therefore, affirm.

The plaintiff, Sophia Antoniou, a homeowner, commenced an action against the defendant, Theodore J. Kenick, the contractor who built the plaintiff's home. The plaintiff brought suit on a plea of assumpsit for breach of contract and on a plea of the case for negligence, seeking damages for the costs of remedying alleged excavation, design and construction defects in her home. The defendant moved to dismiss, alleging that the suit, brought in November 1982, was instituted more than six years after completion of the building in 1970. The Superior Court (*Flynn,* J.) granted the defendant's motion, and the plaintiff appealed.

The plaintiff first argues that under RSA 508:4-b the superior court should not have granted the motion to dismiss. That statute contains a six-year period of repose for actions seeking damages based on negligent design or construction of real property. The statute's second sentence avoids the statute of repose by providing:

> "This limitation shall not apply to any person in actual possession and control, as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

RSA 508:4-b. Pointing to this sentence in the statute, the plaintiff argues that the limitations in RSA 508:4-b do not apply to her since she owned the property at all times during which the defective and unsafe condition could have constituted the proximate cause of the damage.

Although the plaintiff's argument is in accord with our holding in *Deschamps v. Camp Dresser & McKee, Inc.,* 113 N.H. 344, 306 A.2d 771 (1973), we must consider whether RSA 508:4-b is void in its entirety in light of our holding in *Henderson Clay Prod's, Inc v. Edgar Wood & Assoc's, Inc.,* 122 N.H. 800, 451 A.2d 174 (1982).

██ In *Henderson,* we held that the classifications created by RSA 508:4-b violated the equal protection clauses of the New Hampshire Constitution, N.H. CONST. pt. I, arts. 1, 12, and the United States Constitution, U.S. CONST. amend. XIV. *Id.* at 802, 451 A.2d at 175. In that decision, we did not address the question wheth-

er the statute is void in its entirety. Consequently, we must now determine whether the unconstitutional provisions of the statute are "so integral and essential in the general structure of the act that they may not be rejected without the result of an entire collapse and destruction of the structure." *Opinion of the Justices*, 88 N.H. 484, 491, 190 A. 425, 430 (1937); *Carson v. Maurer*, 120 N.H. 925, 945, 424 A.2d 825, 839 (1980).

The legislature enacted RSA 508:4-b to limit the time within which suits for injuries resulting from imperfect design or improper construction could be brought against persons who performed or furnished the design, planning, supervision or construction of an improvement of real property. N.H.S. JOUR. 245 (1965). The legislative history provides, in pertinent part:

> "The bill . . . will allow architects and other artisans to breathe easily after a lapse of six years, rather than to be subject to the possibility if a building falls down many, many years later, or other building defects occur, they will [be held] . . . liable for faulty workmanship."

*Id.*

In *Henderson Clay Prod's, Inc. v. Edgar Wood & Assoc's*, 122 N.H. 800, 451 A.2d 174 (1982), we held that the classification which relieves architects from liability six years after performance of their services is unconstitutionally discriminatory, because it represents an unreasonable and arbitrary legislative classification favoring a particular class of defendants. *Id.* at 802, 451 A.2d at 175. These classifications were central to the legislature's purpose in enacting the statute. The fundamental structure of the statute having been affected, the entire section must be deemed invalid. *See Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 531, 464 A.2d 288, 299 (1983); *Carson v. Maurer*, 120 N.H. 925, 946, 424 A.2d 825, 839 (1980). Therefore, the parties' arguments concerning RSA 508:4-b are rendered moot.

Our inquiry does not end here, however. We must also determine whether the trial court properly granted the defendant's motion to dismiss based upon the holding in *Roberts v. Richards & Sons, Inc.*, 113 N.H. 154, 304 A.2d 364 (1973). The plaintiff in *Roberts* urged this court to find that the six-year statute of limitations, RSA 508:4, began to run when he *discovered* his cause of action. We determined that his cause of action, which alleged the negligent performance of a building construction contract, was an action for breach of contract and not tort. *Id.* at 156, 304 A.2d at 366. We then held that "an action for breach of contract unlike a tort

action accrues when the breach occurs whether any damage then occurred or not." *Id.* We recently reaffirmed our holding that the "discovery rule" does not apply to actions based on breach of contract in *French v. R. S. Audley, Inc.*, 123 N.H. 476, 479, 464 A.2d 279, 282 (1983).

■■ The plaintiff in the instant case alleged a count in negligence seeking damages for the costs of remedying certain defects in her home. "The determination of whether an action is a contract or a tort action is not controlled by the form of the action but by its substance." *Id.* In substance, the plaintiff is alleging improper performance of a construction contract, and her cause of action therefore accrued at the time of the breach. The construction contract was completed in 1970, and the plaintiff instituted suit in 1982. Accordingly, we hold that the trial court correctly ordered that the motion to dismiss be granted.

*Affirmed.*

SOUTER, J., did not participate; the others concurred.