Carroll
No. 86-337

WOLF INVESTMENTS, INC. *& a.*

v.

TOWN OF BROOKFIELD

May 11, 1987

*Cooper, Fauver & Deans P.A.*, of North Conway (*Randall F. Cooper* and *Linda A. Jenkins* on the brief, and *Mr. Cooper* orally), for the plaintiff.

*Walker and Varney*, of Wolfeboro (*George W. Walker* on the brief and orally), for the defendant.

*H. Bernard Waugh, Jr.*, of Concord, by brief and orally, for New Hampshire Municipal Association, as *amicus curiae*.

### MEMORANDUM OPINION

About nineteen months after the plaintiffs learned that the defendant town had voted at the 1983 annual town meeting to classify the road upon which their property abutted as a Class VI road subject to gates and bars, they filed suit for damages caused by the loss of town-maintained access to their property and, alternatively, for an order that the town maintain the road. The Superior Court (*Wyman*, J.) granted summary judgment for the defendant on the grounds that RSA 231:48 and 231:49 imposed a six-month statute of limitations on the plaintiffs' suit and that the statutes governing the process by which towns discontinue public roads, RSA 231:43 through :51, are presumptively constitutional at the trial level. We affirm on the ground that the plaintiffs are barred because they failed to file suit on time.

RSA 231:48 permits "any person or other town aggrieved by the vote of a town to discontinue any highway, or discontinue any highway made subject to gates and bars," to appeal to the superior court within six months, and not thereafter. Similarly, under RSA 231:49, when no appeal has been taken from a town's vote to discontinue a public road, any person who sustains damage to his or her property as a result of the discontinuance may petition the superior court for the assessment of damages within six months of the vote, and not thereafter. The plaintiffs argue that imposing the six-month statute of limitation denies them due process in that the statutory notice procedure is inadequate. However, the plaintiffs admitted in the

pleadings that, nineteen months before they filed this writ, they had actual knowledge of the town's vote.

In *French v. R. S. Audley, Inc.*, 123 N.H. 476, 480, 464 A.2d 279, 282 (1983) (citing and extending the rule of *Raymond v. Eli Lilly Co.*, 117 N.H. 164, 171, 371 A.2d 170, 174 (1977)), we held that "a cause of action involving harm to property will not accrue under the discovery rule until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that he has been injured, but also that his injury may have been caused by the defendant's conduct." The plaintiffs' suit alleges harm to their property. They concede that their suit would be barred if we applied the discovery rule of *French*, but argue that the constitutional infirmities of the statutory procedure for highway discontinuance make application of *French* unjust and inefficient. The plaintiffs have not directed us to any authority for their proposition that an allegation of unconstitutional government action tolls an applicable statute of limitations, nor have we found any. The plaintiffs also do not suggest what limitation ought to apply. They imply, instead, that any limitation would be inequitable. We believe, to the contrary, that it would be inequitable not to apply the six-month limitation, modified by the *French* discovery rule. Statutes of limitation "are designed to expedite the orderly administration of justice," *Torr v. Dover*, 107 N.H. 501, 503, 226 A.2d 96, 98 (1967), and to eliminate stale claims, *Lakeman v. LaFrance*, 102 N.H. 300, 303, 156 A.2d 123, 126 (1959). Thus, we apply the discovery rule to RSA 231:48 and 231:49 in the present case, and hold that the plaintiffs are barred because of their failure to act timely. Put simply, the plaintiffs slept on their claims.

In their appeal, the plaintiffs also argue that the exclusion of nonresidents from the town meeting discussions denied them a due process right to protest the discontinuance before the warrant article was put to a vote. In addition, they argue that the procedures for discontinuing a road and for appeal of a discontinuance deny abutters to a discontinued road equal protection of the law by denying them rights granted to persons whose land is taken for the construction of a road. Because the writ is barred by the six-month limitation, we need not consider any of these constitutional issues.

*Affirmed.*