Grafton
No. 92-109

THE BLACK BEAR LODGE

v.

TRILLIUM CORPORATION & a.

February 17, 1993

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James E. Higgins* and *Robert R. Lucic* on the brief, and *Mr. Lucic* orally), for the plaintiff.

*Edward B. Mulligan, IV, P.C.*, of Laconia (*Edward B. Mulligan, IV* on the defendants' joint brief and orally), for defendant M. Mooney Corporation.

*Stark and Peltonen*, of Manchester (*Michael D. Hatem* on the defendants' joint brief and orally), for defendant Samyn & D'Elia Architects, P.A.

*Evans and Hermann*, of Bedford (*Robert L. Hermann, Jr.* on the defendants' joint brief), for defendant Trillium Corporation.

JOHNSON, J.   The plaintiff, The Black Bear Lodge, a condominium association, appeals the Superior Court's (*O'Neill*, J.) order granting the defendants' motions to dismiss the plaintiff's action for negligent design and construction and breach of contract and war-

ranty. The defendants are Trillium Corporation, Samyn & D'Elia Architects, P.A., and M. Mooney Corporation, designers and builders of the plaintiff's condominium. The issues on appeal are whether the statute of limitations "discovery rule" found in RSA 508:4, I (Supp. 1992) applies to contract actions, and whether the plaintiff adequately pled reasonable diligence in discovering the causal connection between its injuries and an act or omission of the defendants. We reverse, answering both questions in the affirmative.

The relevant facts are as follows. The defendants completed construction of the plaintiff's condominium in the fall of 1986. Within a year, leaks appeared in the roof, perimeter walls, and foundation. In July 1991, the plaintiff filed suit against the defendants; the defendants thereafter filed motions to dismiss, arguing that the plaintiff's action was barred by the applicable statute of limitations. The plaintiff objected to the motions, explaining that "[t]he causes of [the claimed] leaks have not been discovered until recently." The plaintiff also filed an affidavit, stating:

> "Despite our repeated and continuous efforts to discover the cause of the leaks and to involve the developer and the contractor in the solution of this problem, we did not discover until the fall of 1990 that the leaks were caused by insufficient felt underlayment, the basic design of the roof, and the utilization of inadequate methods and materials."

The superior court granted the defendants' motions to dismiss. It declared the "discovery rule" inapplicable to contract actions and, finding the plaintiff's action to be such an action, concluded that it accrued in 1987 and was therefore barred by the three-year statute of limitations. See RSA 508:4, I (Supp. 1992). The court also found that

> "[e]ven if the Court were to give the plaintiff the benefit of the discovery rule, the Court finds that the action would have accrued in 1987 with the discovery of the leaks because this is the type of injury which would put the plaintiff on notice that its rights had been violated, Raymond v. Eli Lilly & Co., 117 N.H. 164 (1977). Specifically, a reasonable person should realize that leaks in newly constructed buildings were possibly caused by the parties involved in construction, and further inspection and/or tests should have been pursued by the plaintiff at that time."

The plaintiff appealed, claiming error in all of the superior court's findings and rulings.

We first address the superior court's ruling that the "discovery rule" does not apply to contract actions. We assume, for the sake of argument only, that the plaintiff's action was substantively a contract action. The applicable statute of limitations, RSA 508:4, I (Supp. 1992), reads:

> "Except as otherwise provided by law, *all personal actions*, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of."

(Emphasis added.)

By its terms, nothing in the statute prohibits the applicability of the "discovery rule" to contract actions. *See Concord Steam Corp. v. City of Concord*, 128 N.H. 724, 729, 519 A.2d 266, 270 (1986) (when language of statute is plain and unambiguous, we construe language according to common and approved usage); *see also* BLACK'S LAW DICTIONARY 29 (6th ed. 1990) (contract action is personal action). The defendants cite several cases approving such a restriction, but none of them were decided under current RSA 508:4, I (Supp. 1992). *See Antoniou v. Kenick*, 124 N.H. 606, 610, 474 A.2d 566, 568 (1984) (interpreting former RSA 508:4, I (1983)); *French v. R.S. Audley, Inc.*, 123 N.H. 476, 479, 464 A.2d 279, 282 (1983) (interpreting RSA 539:8); *Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 156–57, 304 A.2d 364, 366 (1973) (interpreting former RSA 508:4, I (1983)). Moreover, neither of the statutes at issue in these cases explicitly adopted the "discovery rule," as does current RSA 508:4, I (Supp. 1992). Instead, they each measured the time in which a plaintiff could bring suit from the date "the cause of action accrued." RSA 539:8; RSA 508:4, I (1983). It was reasonable to interpret this language as limiting the common law "discovery rule" to tort actions because "[a]n action for breach of contract unlike a tort action accrues when the breach occurs whether any damage then occurred or not." *Roberts*, 113 N.H. at 156, 304 A.2d at 366.

Current RSA 508:4, I (Supp. 1992), however, does not measure the relevant time period from the date "the cause of action accrued," but instead explicitly measures it from the date of "the act or

omission complained of." When applicable under the discovery rule, that date is determined by finding when, in the exercise of reasonable diligence, one should have discovered the injury and its causal relationship to the act or omission complained of. Consequently, we find the cases cited by the superior court and the defendants inapposite, and interpret RSA 508:4, I (Supp. 1992) according to its plain meaning, finding that the statutory "discovery rule" applies to contract, as well as tort, actions.

We next address whether the superior court properly found that, applying the "discovery rule," the plaintiff's action is nonetheless time-barred.

■■ The statute provides that "the [plaintiff's] action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury [or damage] and its causal relationship to the act or omission complained of." RSA 508:4 (Supp. 1992). Thus, the three-year time limit begins to run only after a plaintiff has discovered the causal connection between its injury and an act or omission of the defendant, assuming that the plaintiff was reasonably diligent in discovering the connection. Whether the plaintiff did in fact exercise reasonable diligence is a question of fact. *See French, supra* at 480, 464 A.2d at 282. Although the superior court apparently made a finding that the plaintiff was not reasonably diligent, it was not an appropriate point in these proceedings to do so. In this case, based on this affidavit, a hearing was required to determine whether the plaintiff's claim, under the statutory discovery rule, should have been allowed. Therefore, we hold the superior court erred in granting the defendants' motions to dismiss.

*Reversed and remanded.*

All concurred.