Oropallo v. Churbuck                    CV-92-504-B    08/30/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Charles J. Oropallo

    v.                                  Civil No. 92-504-B

Kenneth E. Churbuck, Esq., et al.



**O R D E R**


Plaintiff Charles J. Oropallo filed a pro se complaint in the Merrimack County Superior Court, stating certain New Hampshire law causes of action against defendants Metropolitan Life Insurance Company ("Metlife"), Raytheon Company ("Raytheon"), and Attorney Kenneth E. Churbuck ("Churbuck"). The defendants have removed the case to this court and now move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, defendants' motions are denied.

## I. **FACTS**[1]

Oropallo was employed by RSC, a subsidiary of Raytheon. Raytheon offered disability and health plans to RSC employees through Metlife. Oropallo suffered accidental carbon monoxide poisoning in March of 1983 which left him physically and mentally disabled. In April 1983, Oropallo filed for disability insurance coverage under his Metlife policy and began collecting $1,550.50 per month in benefits. In March 1985, Oropallo was convicted of an unrelated crime and incarcerated. As a result, Metlife suspended his payments and sent notice of the suspension to Oropallo in care of his attorney, Kenneth Churbuck. Because of the various actions and inactions of Churbuck, RSC and Metlife, Oropallo did not discover until August 2, 1989 that his benefits had been wrongfully terminated and that no action had been taken by Churbuck on his behalf to preserve his right to benefits.

---

[1] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review the allegations of the complaint in the light most favorable to plaintiff, accepting all material allegations as true, with dismissal granted only if no set of facts entitles plaintiff to relief. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Accordingly, the facts are stated in the light most favorable to the plaintiff.

## II. **DISCUSSION**

A. Raytheon and Metlife

Oropallo concedes that his state law claims against Metlife and Raytheon are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §1002. However, he asks that the court permit him to amend his complaint to state a claim under ERISA. Raytheon and Metlife argue that dismissal is appropriate because any claim Oropallo could bring under ERISA would be barred by the applicable statute of limitations.

Section 502 of ERISA, 29 U.S.C. §1132(a)(1)(B), ("§ 502"), is the exclusive remedy by which a beneficiary may seek to recover benefits under an employee benefit plan governed by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Because ERISA does not set forth a limitations period for claims under § 502, federal common law dictates that a court must borrow the most analogous state statute of limitations. Cada v. Baxter Helathcare Corp., 920 F.2d 446, 450 (7th Cir. 1990), cert. denied, 111 S. Ct. 2916 (1991). In this case, the most analogous statute of limitations is N.H. Rev. Stat. Ann. ("RSA") 508:4. See Jenkins v. Local Brotherhood of Teamsters

Pension Plan, 713 F.2d 247, 252 (7th Cir. 1983) (court applied contracts statute of limitations for § 502 claim). This statute limits contract actions to three years for those actions alleging injuries accruing after July 1, 1986, and six years for those alleging injuries accruing before that date. Terren v. Butler, 134 N.H. 635, 639 (1991).

Raytheon and Metlife argue that Oropallo's claim accrued in 1985 when his benefits were terminated. Accordingly, they contend that his claim is barred because more than six years passed before he prepared and filed his complaint in 1992. Oropallo responds that his cause of action did not accrue until August 2, 1989 when he learned for the first time that his benefits had been terminated.[2] Thus, he argues that his complaint was timely filed under the three-year statute of limitations because it was prepared within three years of the date that he discovered his cause of action.[3]

---

[2] Oropallo's argument on this point is difficult to follow since he admits that he had been aware since 1985 that defendants had ceased paying his benefits. Nevertheless, construing his allegations in the light most favorable to him, I am unwilling to dismiss his claim at this stage of the proceeding.

[3] Oropallo appears to assume that the statute of limitations was tolled by the preparation of his complaint. This assumption is essential to his claim because the complaint was not filed in

Although state law provides the statute of limitations governing Oropallo's claims, the accrual date for his cause of action is determined by federal law. Connors v. Hallmark & Son Coal Co., 935 F.2d 336, 340 (D.C. Cir. 1991). Notwithstanding the defendants' assertions to the contrary, a cause of action generally accrues under federal law when a plaintiff is injured as a result of the defendant's conduct and the plaintiff knew or reasonably should have known of the essential facts giving rise to his or her cause of action. Id. at 341. This general rule applies to claims under Section 502 of ERISA. Id.; see also Jenkins, 713 F.2d at 252. Since I cannot determine on the present record whether Oropallo knew or reasonably should have known of his cause of action against the defendants prior to August 2, 1989, I will not deny Oropallo an opportunity to amend his pleadings.

B. Churbuck

Defendant Churbuck argues that Oropallo's state law claims against him are also barred by the statute of limitations. New

the Superior Court until more than three years after Oropallo concedes that he discovered his cause of action against the defendants. Since defendants have not briefed this issue, I will assume without deciding that Oropallo's argument on this point is correct.

Hampshire applies a discovery rule to negligence claims and measures the limitations period for such claims from the time the plaintiff discovered or reasonably could have discovered his cause of action. Black Bear Condominium Corp. v. Trillium Corp., 136 N.H. 635, 638 (1993). Further, New Hampshire law provides that a suit is commenced for statute of limitations purposes when the writ of summons is prepared with a present intention to file. Hodgdon v. Beatrice D. Weeks Memorial Hospital, 122 N.H. 424, 426 (1982). Notwithstanding Churbuck's assertions to the contrary, Oropallo apparently commenced his suit on July 12, 1992, the date on which his complaint was signed and notarized. Since Oropallo alleges that he discovered his claim against Churbuck less than three years prior to the date he commenced his action, Churbuck's motion to dismiss on this basis is denied.

### III. CONCLUSION

The Motion to Dismiss filed by Metlife and Raytheon (document no. 10) is granted in part. Plaintiff's state law claims against these defendants are dismissed. Plaintiff shall have 30 days to file an amended complaint stating a claim against these defendants under ERISA. Defendant Churbuck's Motion to Dismiss (document no. 11) is denied. This order does not prevent

6

defendants from asserting their statute of limitations claims in properly supported motions for summary judgment.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 30, 1993

cc:  James S. Clarke-Dawe, Esq.
     Kenneth E. Churbuck, Esq.
     William D. Pandolph, Esq.