Rochester Lincoln-Mercury v. Ford     CV-99-545-M    05/10/00
                     UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Rochester Lincoln-Mercury, Inc.,
      Plaintiff

      v.

Ford Motor Company,
      Defendant


      AND                                    Civil No. 99-545-M
                                             (Consolidated Cases)
                                             Opinion No. 2000 DNH 114


Rochester Ford Sales, Inc.
and Meredith S.Pierce, Trustee
of J. Pierce Trust,

      v.

Ford Motor Company,
      Defendant


                           **O R D E R**


      This dispute arises out of the proposed purchase of

Rochester Ford Sales by Rochester Lincoln-Mercury ("RLM").

Defendant, Ford Motor Company, moves to dismiss the breach of

contract claims brought by Rochester Ford Sales and Meredith

Pierce, Trustee of The J. Pierce Trust, saying that they are barred by New Hampshire's three-year statute of limitations. See N.H. Rev. Stat. Ann. ("RSA") 508:4, I. Plaintiffs agree that New Hampshire's statute of limitations applies to their claims, but deny that it operates to bar them. As to plaintiffs' claims under N.H. Rev. Stat. Ann. ("RSA") ch. 357-C, Ford asserts that those claims fail as a matter of law. Specifically, it says that the provisions of RSA 357-C do not apply to its franchise agreement with Rochester Ford because that agreement was executed prior to the effective date of the statute.

## Discussion

I. Standard of Review.

The statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). Accordingly, it is normally best addressed in the context of a motion for summary judgment, rather than a motion to dismiss. Here, however, all parties have submitted materials outside the pleadings to support their respective positions. Thus, it is clear that plaintiffs (the non-moving

2

parties) have had (and availed themselves of) the opportunity to call to the court's attention all relevant documentation and affidavits bearing on the statute of limitations issue. Accordingly, the court will treat defendant's motion as one for summary judgment. See Fed. R. Civ. P. 12(b). See also Collier v. City of Chicopee, 158 F.3d 601, 603 (1st Cir. 1998) ("Notice of conversion [from a motion to dismiss to one for summary judgment] need not be explicit. To the contrary, the notice requirement can be satisfied when a party receives constructive notice that the court has been afforded the option of conversion - a phenomenon that occurs when, for example, the movant attaches to his motion, and relies on, materials dehors the pleadings. Logic dictates that the same result must obtain when the non-movant appends such materials to his opposition and urges the court's consideration of them.") (citations omitted).

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

3

56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

II. The Applicable Statute of Limitations.

The parties agree that the contract(s) at issue are governed by Michigan law. They also agree, however, that New Hampshire's three-year statute of limitations applies to plaintiffs' contract claims. See Plaintiffs' memorandum in support of objection to motion to dismiss (document no. 13) at 2. See also Davis v. Vieques Air Link, 892 F.2d 1122, 1125 n.2 (1st Cir. 1990) ("We note that a federal district court in a diversity action must apply the statute of limitations of the local forum in which it sits.").

III. Plaintiffs' Breach of Contract Claims Are Time-Barred.

4

Under New Hampshire law, a cause of action for breach of contract accrues "when the breach occurs whether any damage then occurred or not." Roberts v. Richard & Sons, Inc., 113 N.H. 154, 156 (1973). Notwithstanding plaintiffs' argument to the contrary, Ford's alleged breach of contract occurred when it denied RLM's request to purchase the franchise from Rochester Ford Sales. That denial was communicated (orally) on December 4, 1995. See Complaint at para. 22. It was repeated, in writing, on December 7, 1995. Id., at para. 23. Plaintiffs did not initiate this suit until December 8, 1999, well after the three-year limitations period had lapsed.

Plaintiffs argue, however, that Ford's alleged breach of contract was some sort of ongoing event, that continued on each day that Ford refused to acquiesce to RLM's request to purchase the franchise at issue. Thus, they suggest that Ford last breached the contract when the franchise was finally sold to a third party (thereby precluding Ford from reconsidering and approving the sale to RLM). See Complaint at paras. 25-26

5

("During and continuing from December 4, 1995 to March 11, 1998 the offer [to purchase made by RLM] was open and ready to be accepted by the plaintiff but Ford continued to deny consent of sale. For the purpose of limitation the ongoing denial continued to March 11, 1998."). See also Plaintiffs' memorandum at 5 ("The Franchise Agreement remained in effect until May of 1998 and the acts and omissions of Ford to not unreasonably withhold consent occurred again and again. The final resale [to an unrelated third party] is the relevant date for counting the statute. . . . Until the dealership could actually be sold and closed, there was no act or omission giving rise to damages."). That view of when a breach of contract cause of action accrues under New Hampshire law is incorrect. See Roberts, supra.

Ford's breach of contract occurred, if at all, when it (allegedly) unreasonably withheld its consent to plaintiffs' proposed sale of the franchise to RLM. That denial was unambiguously communicated to plaintiffs in December of 1995. That plaintiffs remained hopeful that they could persuade Ford to

6

change its mind (or that plaintiffs were unable to sell the franchise to another buyer until several years later) is, for purposes of determining when their cause of action accrued, immaterial.

To the extent that Meredith Pierce, as trustee, has any viable claims against Ford, they too are barred by the statute of limitations.[1]

IV. Plaintiffs' Claims Under RSA 357-C.

---

[1] Plaintiffs assert that Pierce is the intended third-party beneficiary of the proposed sale of the franchise from Rochester Ford to Rochester Lincoln-Mercury. See Complaint at para. 46. See also Plaintiffs' memorandum at 7 ("The contract in question is that between Rochester Ford and Rochester Lincoln-Mercury in which there were direct promises . . . they would rent the existing premises of the existing dealership, which was a condition of sale. So, therefore, she [i.e., Pierce] was a protected third-party beneficiary . . .."). However, even if she were the intended beneficiary of that proposed transaction, she would have no claim against Ford (which was not a party) stemming from the contracting parties' inability to complete the sale. To the extent that she claims to be an intended third-party beneficiary of the franchise agreement between Ford and Rochester Ford, her breach of contract claim is barred by the statute of limitations.

7

Plaintiffs also claim that by unreasonably withholding its consent to the proposed sale of Rochester Ford to Rochester Lincoln-Mercury, Ford violated the provisions of RSA 357-C (the "Dealership Act"), which regulates business practices between motor vehicle manufacturers, distributors, and dealers. In response, Ford says the provisions of the Dealership Act do not (and, in fact, cannot) apply to its contract with Rochester Ford, since that contract (executed on February 6, 1980) pre-dates the effective date of the Act (August 25, 1981).[2]

At this juncture, the court is unable to conclude that, as a matter of law, Ford is entitled to judgment with regard to plaintiffs' statutory claims. First, plaintiffs may have presented enough evidence to raise a genuine issue of material fact with regard to the following issue: whether Ford agreed (by implication) to be bound by the RSA 357-C's requirements when it

---

[2]    Parenthetically, the court notes that the limitations period for claims arising under RSA 357-C is four years. See RSA 357-C:13. And, Ford does not assert that plaintiffs' claims under that statute are time barred.

8

elected not to terminate or renegotiate the terms of the franchise agreement following the enactment of the Dealership Act.  <u>See, e.g.,</u> Ford Sales and Service Agreement (Exhibit D to plaintiffs' memorandum), at paras. 31 and 33.  And, the record is insufficiently developed for the court to rule on Ford's assertion that the Dealership Act impairs its contract rights under the Due Process Clause, or that it violates New Hampshire's constitutional prohibition against retrospective laws.  <u>See</u> N.H. Const., pt. 1, art. 23.  <u>See also</u> <u>Opinion of the Justices (Furlough)</u>, 135 N.H. 625, 631 (1992) ("There can be no contract clause violation unless it is first shown that a contact has been substantially altered.  This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial.") (citations and internal quotation marks omitted).

9

## Conclusion

For the foregoing reasons, plaintiffs' contract claims (including Pierce's third-party beneficiary claim) against Ford are time barred. As to those claims, Ford is entitled to judgment as a matter of law. With regard to Rochester Ford's claims under RSA 357-C, however, the record is insufficiently developed for the court to conclude at this point that Ford is entitled to judgment as a matter of law.

Accordingly, Ford's motion to dismiss (document no. 12), which the court has treated as a motion for summary judgment, is granted in part and denied in part. As to count one (breach of contract) and count three (third-party beneficiary) of plaintiffs' complaint, Ford is entitled to judgment as a matter of law. As to count two (violation of RSA 357-C), however, Ford has failed to demonstrate, on this record, that it is entitled to summary judgment and its motion is denied, without prejudice.

10

**SO ORDERED.**

 

 

 

                                     _____
                                     Steven J. McAuliffe
                                     United States District Judge

May 10, 2000

cc:  Daniel A. Laufer, Esq.
     Peter J. Duffy, Esq.
     James E. Higgins, Esq.
     Brian R. Barrington, Esq.