JULIA F. OWEN, ADMINISTRATRIX, ETC., v. THE ESTATE OF WILLIAM H. BAXTER.

*Mortgage—Foreclosure—Attorney's fee—Action against mortgagee— Attorney and client.*

1. Where the attorney for a mortgagee illegally includes an attorney's fee in the amount for which the mortgaged premises are sold to the mortgagee on a statutory foreclosure, and the owner of the equity of redemption redeems by giving his note to the attorney, and he remits the amount of the note less the attorney's fee, which he retains in payment for his services, to the mortgagee, and then sells the note, and the

purchaser is confined, in a suit upon the note, to a recovery of the amount due less the attorney's fee and interest thereon, a party who succeeds to the estate of the attorney, and pays the amount thus deducted from the note to the purchaser of the note, can recover the amount so paid of the estate of the mortgagee.

2. The statute of limitations does not commence to run against the claim until the making of such payment.

Error to Wayne. (Gartner, J.) Argued October 27, 1893. Decided November 17, 1893.

Appeal from the allowance of a claim by commissioners in probate court. The estate brings error. Affirmed. The facts are stated in the opinion.

*John Ward,* for appellant.

*Gray & Gray,* for claimant.

LONG, J. This cause was tried before the court without a jury, and findings of fact and law were made.

It appears that William H. Baxter, now deceased, owned two mortgages, given by Frederick Schmidt and wife. Default being made in the payment of the interest due in the fall of 1875, the mortgages were separately foreclosed by advertisement. Sales were had on March 31, 1876, and the property bid in by Baxter for the full amount claimed, including in each case an attorney's fee of $100. Robert P. Toms was Mr. Baxter's attorney in the foreclosure proceedings; and on September 4, 1876, A. H. Wilkinson (who was the owner of the equity of redemption) redeemed from the foreclosure sales by giving his note, payable to R. P. Toms, under date of September 1, 1876, for $1,781.78. This amount covered the entire bids, including the $200 attorney's fees. Mr. Toms at once remitted $1,476.34 in cash to Baxter, and retained the note. On November 3, 1876, upon the maturity of the note, Wilkinson paid to Mr. Toms $312.98, and gave him a 60-day note for the balance

of $1,500.   On January 2, 1877, this $1,500 note was sold by Toms to one of his clients, John N. Macomb.   Wilkinson paid the interest from time to time to Macomb for over 10 years; but finally, in 1889, Macomb commenced suit to recover upon the note.   Wilkinson defended upon the ground of want of consideration, in that certain illegal attorney's fees had gone into the note.   This contention, to the amount of $200, was held good in this Court, and the case remanded for a new trial.   *Macomb v. Wilkinson,* 83 Mich. 486.   That cause was retried, and, under the ruling then made, the $200 was credited upon the note as of September 1, 1876.   This made a difference of $1,000 in the amount of the judgment.

The claimant in the present case succeeded to all of Mr. Toms' property, and, after the rendition of the judgment, paid to Macomb the difference between the amount due and the judgment.   She now brings this proceeding to recover the $200, and interest from September 1, 1876, against the Baxter estate.   The court below, upon the facts found, entered judgment in favor of the claimant for the amount.

It is contended for the estate:

1. That Baxter never received the money.

2. That Toms made the settlement with Baxter himself, in his own way, and with full knowledge of the facts governing it.

3. That Toms, by taking Wilkinson's note in place of cash in payment of the amount due Baxter, made the note his own, and in subsequent dealings with it treated it as such; that he remitted to Baxter the sum due him included in it, and turned the note over to another client as an investment on his account.

4. That the claimant is barred by Toms' delay in exercising the right, if any at the time he had, to have the settlement set aside.

5. That an attorney cannot hold his client responsible for any loss he may sustain by his own illegal acts.

The only assignment of error is that the findings of fact do not support the judgment.

In *Kennedy v. Brown*, 50 Mich. 336, it was held that the mortgagee was bound to pay over to the sheriff any surplus for the benefit of the owner of the equity of redemption, and that, if he did not do so, the latter could sue him as for money had and received to his use. In *Millard v. Truax*, 50 Mich. 343, it was held that where the mortgagee retains on foreclosure any amount bid for the property beyond what is due, and does not pay such surplus to the proper officer for the benefit of the mortgagor or his assigns, the latter can sue either him or the officer to recover the amount. Under the rule laid down in these cases, had Wilkinson actually paid to Baxter the $200 attorney's fees, instead of including them in the note, Wilkinson could have recovered them from Baxter. In *Macomb v. Wilkinson*, 83 Mich. 486, it was shown, however, that the note was illegal to the extent of the $200, so that there was a loss to Macomb, the purchaser of the note, of that amount, and the interest upon it from September 1, 1876, Wilkinson having credit therefor. This loss was made good out of the Toms estate; and, when the present case was tried, the court below held that the claimant, having paid this amount over to Macomb, had succeeded to the claim, and that such claim should be paid out of the Baxter estate, and was not a loss which should be borne by the Toms estate. In this, we think, the court was correct. Had Toms remitted the cash to Baxter, including this $200 illegal attorney's fees, Wilkinson would have had a right of action against Baxter for its recovery. It is apparent from the record that Baxter had the same benefit of the $200 as though it had been paid in cash to him. In any event, the taking of the $200 was in the interest of Baxter, so that he was primarily liable to repay it. The giving of the note cannot affect

the question. It really belonged to Baxter, and Toms took it for cash, and in payment of his fees. The loss first fell upon Macomb, and the Toms estate made it good, and now calls upon the Baxter estate for repayment; and we think the court below properly found that estate liable.

The claim was not barred by the statute. No right of action accrued against the Baxter estate by the Toms estate until it was compelled to make good the loss suffered by Macomb.

Judgment affirmed.

The other Justices concurred.