INSURANCE COMPANY OF NORTH AMERICA v
SOUTHEASTERN ELECTRIC COMPANY, INC.

Docket No. 59996. Decided February 5, 1979. On application by
plaintiff for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decision of the Court of
Appeals and remanded to the trial court for further proceed-
ings. Rehearing denied 406 Mich 1122.

Insurance Company of North America, as subrogee of C & C
Construction Co., Inc., brought an action on an express contract
of indemnification against Southeastern Electric Co., Inc., the
subcontractor who installed some transformers for a waste-
water treatment plant project for which C & C Construction
was the general contractor. The subcontract included a clause
providing that Southeastern would "protect and save harmless"
C & C for loss or damage to property occasioned by Southeast-
ern's negligence. On April 5, 1973, fire damaged one of the
transformers installed by Southeastern and the plaintiff insur-
ance company paid C & C Construction for the loss sustained in
excess of a $25,000 deductible amount pursuant to an insurance
policy. The complaint in this case was filed on April 27, 1976,
and the Wayne Circuit Court, Thomas J. Foley, J., granted
accelerated judgment for the defendant on the ground that the
applicable period of limitation for this action was three years
for injuries to persons or property, as against plaintiff's argu-
ment that it is founded in contract with a six-year statute of
limitations. The Court of Appeals, N. J. Kaufman, P.J., and
V. J. Brennan and D. C. Riley, JJ., affirmed in an unpublished
per curiam opinion (Docket No. 30005). Plaintiff applies for
leave to appeal. *Held:*

The complaint rests on breach of a contract to indemnify.
The contractual right to indemnity was established in 1971 and
the damage was incurred in 1973. The action is not one to
recover damages "for injuries to persons or property", but to
recover damages "for breach of contract" so that the period of
limitations is six years.

The decision of the Court of Appeals is reversed and the case
is remanded to the trial court for further proceedings.

*C. Bruce Taylor* for plaintiff.

*Marvin H. Gadd (Hayim I. Gross,* of counsel) for defendant.

PER CURIAM. The plaintiff brought suit on an express contract of indemnification. The question is whether the three-year or the six-year statute of limitations period applies to this action in the light of *State Mutual Cyclone Ins Co v O & A Electric Coop,* 381 Mich 318; 161 NW2d 573 (1968). We hold that the six-year limitation period applies and reverse.

I

In 1971 C & C Construction, the general contractor of a waste-water treatment plant project, entered into an agreement with defendant Southeastern Electric. Southeastern's duties as subcontractor included the installation of certain transformers. The contract included a clause which provided that Southeastern would "protect and save harmless" C & C from loss or damage to property occasioned by Southeastern's negligence.[1]

On April 5, 1973, a fire damaged one of the transformers for which C & C Construction was responsible. The loss totaled $92,502.94. Pursuant to a contract of insurance between C & C Construction and the plaintiff insurance company obligating the plaintiff to pay for all losses sustained in excess of $25,000, the plaintiff paid C & C Construction $67,502.94.

---

[1] Paragraph 7 of the contract begins:

"7. The Sub-contractor will protect and save harmless the Contractor from any loss, cost or damage to him on account of any damage or injury to third persons, or to property, occasioned by the wrongful act, neglect or default of the Sub-contractor, his servants, agents or employees."

On April 27, 1976, three years and three weeks after the fire, the plaintiff filed suit against Southeastern. The complaint alleged that the fire resulted from an employee of Southeastern being away from his post in breach of the contract to install the transformers.

Southeastern moved for accelerated judgment based on the running of the three-year statute of limitations,[2] and the trial court granted the motion.

The plaintiff appealed, contending that since its suit is founded on an express contract of indemnity between Southeastern and C & C Construction, the applicable statute of limitations is six years.[3] The Court of Appeals, like the trial court, however, found the plaintiff's position inconsistent with our holding in *State Mutual, supra.*

## II

*State Mutual* and the cases it relied on do not involve actions based on alleged breaches of contracts to indemnify. The instant plaintiff's com-

---

[2] MCL 600.5805(7); MSA 27A.5805(7) provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

[3] MCL 600.5807(8); MSA 27A.5807(8) provides:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

plaint does rest on an alleged breach of a contract to indemnify. The contractual right to indemnity was established in 1971, while the damage was incurred on April 5, 1973. The action is not one "to recover damages for injuries to persons and property",[4] but, rather, is one "to recover damages or sums due for breach of contract" so that the period of limitations is six years,[5] running from April 5, 1973 when the indemnitee sustained the loss.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the Court of Appeals and remand to the circuit court for further proceedings consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[4] MCL 600.5805(7); MSA 27A.5805(7).

[5] MCL 600.5807(8); MSA 27A.5807(8).