SMITH v ALLSTATE INSURANCE COMPANY

Docket No. 48309. Submitted November 4, 1980, at Detroit.—Decided
December 15, 1980.

Edward Smith brought an action in Wayne Circuit Court against
Allstate Insurance Company seeking a declaratory judgment
with regard to defendant's obligation under a homeowner's
insurance policy to indemnify for a civil judgment against
plaintiff. Defendant moved for accelerated judgment on the
grounds that the suit was barred by the six-year limitation of
actions. James A. Hathaway, J., granted defendant's motion.
Plaintiff appeals. *Held:*

Plaintiff's suit was brought within the six-year period of
limitation of actions. The insurance contract specified that
plaintiff's cause of action against defendant accrued upon the
rendering of a judgment against plaintiff in a civil suit. The
statutory period for limitation of actions began to run at that
time. The trial court erred in ruling that the statutory period
commenced on the date of the incident upon which liability was
based and in granting defendant's motion.

Reversed.

1. LIMITATION OF ACTIONS — INSURANCE — BREACH OF CONTRACT TO
INDEMNIFY — STATUTES.

A cause of action based on an alleged breach of contract to
indemnify is subject to a six-year limitation of actions (MCL
600.5807[8]; MSA 27A.5807[8]).

2. INSURANCE — ACCRUAL OF CAUSES OF ACTION AGAINST INSURERS.

Parties to an insurance contract may specify the time when a
cause of action against the insurer accrues.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity § 39.
What statute of limitations governs action for indemnity. 57 ALR3d
833.
[2] 44 Am Jur 2d, Insurances § 1914.
Validity of contractual time period, shorter than statute of limita-
tions for bringing action. 6 ALR3d 1197.

*Gualtieri, Steinberg & Larco, P.C.,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C.* (by *Joseph Kochis*), for defendant.

Before: M. F. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Plaintiff appeals from the circuit court's entry of accelerated judgment in favor of defendant.

Plaintiff and his father were sued by a third party for an alleged assault and battery that occurred on July 26, 1973. On August 28, 1978, a judgment was entered against plaintiff and his father, jointly and severally, for $25,000.

Plaintiff sought indemnification from defendant for the amount of the judgment based on the general liability coverage of a homeowner's insurance policy. Defendant notified plaintiff that an investigation would be undertaken, but no payment was ever made.

On August 1, 1979, plaintiff filed an action for a declaratory judgment with regard to defendant's obligation to provide insurance coverage for the $25,000 judgment. Defendant moved for accelerated judgment on the ground that, since the cause of action accrued on July 26, 1973, the date of the alleged assault and battery, the suit was barred by the running of the six-year statute of limitations period. The circuit court granted defendant's motion for accelerated judgment.

The sole issue on appeal is whether the limitations period on the claim presented in this lawsuit began to run on the date of the incident upon which liability is based or upon the date judgment was entered against the plaintiff.

A cause of action based on an alleged breach of contract to indemnify is subject to a six-year statute of limitations under MCL 600.5807(8); MSA 27A.5807(8). *Insurance Co of North America v Southeastern Electric Co, Inc,* 405 Mich 554, 557; 275 NW2d 255 (1979). Parties to an insurance contract may specify the time when a cause of action accrues. *Traverse City State Bank v Ranger Ins Co,* 72 Mich App 150, 153; 243 NW2d 333 (1976). Plaintiff's insurance policy included the following provision:

"(a) No suit or action shall lie against Allstate unless:

"(1) as a condition precedent thereto there has been full compliance with all of the provisions and stipulations of this policy, and

"(2) the amount of the Insured's obligation to pay has been finally determined:

"a. by judgment against the Insured after actual trial; or

"b. by written agreement of the Insured, the claimant and Allstate."

This section of the insurance contract specified the event which started the running of the statutory limitation period. There was no obligation to pay the insured until a judgment was rendered. The statute of limitations, therefore, did not begin to run until August 28, 1978. The trial court erred in ruling that the statutory period commenced on the date of the incident upon which the liability was based. Since the suit was brought within the six-year statutory period, defendant's motion for accelerated judgment was improperly granted.

Reversed.