UNITED STATES of America, Plaintiff,

v.

Donald W. BURTON, Monroe County Drain Commissioner, and Ayres, Lewis, Norris & May, Inc., a Michigan Corporation, and Sullivan Brothers Excavating, Inc., a Michigan Corporation, and Michael J. Reilly Equipment Corporation, (formerly John P. Reilly, Inc.), Defendants.

Civ. A. No. 83–6269.

United States District Court, E.D. Michigan, S.D.

Feb. 17, 1984.

Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Kevin J. Gleeson, Sullivan, Ward & Bone, Detroit, Mich., William E. Winson, Monroe, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the Court on the defendant Ayres, Lewis, Norris & May, Inc.'s, motion to dismiss the complaint and the crossclaim of defendant Burton.

The United States filed this action under the River and Harbor Act claiming that the sewer line which was constructed across Stoney Creek in Lake Erie is of insufficient depth to permit navigation. The government seeks to have the obstruction removed or payment for the cost of removal. The defendant Ayres, Lewis, Norris & May, Inc., (hereinafter "Ayres-Lewis") is the architectural firm that worked on the project.

The defendant Donald Burton, who is the Monroe County Drain Commissioner, has filed a crossclaim against the architects seeking indemnification.

Ayres-Lewis seeks to have the claims against it dismissed based upon the statute of limitations period contained in Mich. Comp.Laws Ann. § 600.5839(1):

No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement....

The sewer line in this case was completed before February of 1977 and used by the owner. This action was filed July 14, 1983, and, therefore, if the statute applies, the action is untimely.

The United States argues that it is not subject to the limitations period because it is acting in its governmental capacity in enforcing the River and Harbor Act. In *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), the Supreme Court held that the United States was not subject to an eight month limitations period for claims against estates when it tried to enforce a claim assigned to the Federal Housing Administrator.

It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.... When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement.

*Id.* at 416–417, 60 S.Ct. at 1020 (citations omitted).

It can hardly be argued that the United States is not acting in its governmental capacity when it acts to enforce a federal statute. *Summerlin* has since been applied to defeat the defense of laches in a case brought under the River and Harbor Act. *Weiszmann v. United States*, 526 F.2d 1302 (5th Cir.1976).

The defendant argues that the statute is not actually one of limitations but one of repose and, as such, voids the claim altogether. *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336 (1980). This argument is without merit. It matters little whether the statute is one of limitations or one of repose. The Court addressed this specific argument in *Summerlin* and rejected it on the ground that a state could not invalidate a claim of the United States.

■ Therefore, the limitations period contained in Mich.Comp.Laws Ann. § 600.-5839(1) does not apply to the United States in this case.

The remaining question is whether the limitations period of the statute applies to the crossclaim filed by the defendant Burton.

■ The statute is designed to grant engineers and architects complete repose from tort liability after six years from the

date the improvement was used or occupied. *O'Brien v. Hazelet & Erdal, supra.*

It is argued that the statute does not apply to the crossclaim by the Drain Commissioner against the architectural firm because (1) there has been no injury to property; (2) that the statute covers only tort claims and that the crossclaim is not based on tort; and (3) the claim does not arise out of defective or unsafe condition of an improvement to real property.

First, the statute by its terms applies to injuries to real property as well as personal property. Certainly the land and waters of navigable waters are real property. The rights of navigation protected by the classification of the area as navigable waters is a right of personal property. The only question then is whether the act of constructing the sewer line across the area of navigable water is an injury to either the classified land and waters or to the protected navigation rights. The whole thrust of the law suit affirms this proposition. The claim for indemnification by Burton arises out of an injury to property.

The action for indemnity in this case is based on the theory that as between Burton and Ayres-Lewis, the active wrongdoer, if any, was Ayres-Lewis. Burton's liability is allegedly due to Ayres-Lewis' design. When that occurs, the law says that the person who is the active wrongdoer must protect the passive wrongdoer and hold him harmless as against third persons. This obligation is one imposed by law, not by contract. It is an obligation created in the same way society creates the obligation to respond directly for tort. It has all the incidents of tort liability.

The statute, however, is not limited to actions sounding in tort, and the statute by its terms embraces actions for indemnity. The statute is not inapplicable because the crossclaim is for indemnity.

Finally, does the crossclaim arise out of a defective or unsafe condition of an improvement? Although the claim made is for indemnity, it is based upon a claim by the United States that the navigable waters have been intruded upon and that the rights to navigation have been harmed. First, a condition that impairs the rights protected by the government relative to navigable waters and the rights to navigation is a condition that makes navigation unsafe and a condition that is defective in that it violates rights protected by law. Second, the fact that this claim arises in context of a claim of indemnity rather than directly, does not in any way prevent the claim from arising out of the defective or unsafe condition.

The sewer line was constructed in such a way that it obstructs navigation on Stoney Creek in violation of federal law. The sewer line is defective in this respect and the defect impairs the use of the stream. The Court is of the opinion that this constitutes an injury to property and that the claim is covered by the statute. Consequently, defendant Burton's crossclaim is barred.

Therefore, the motion to dismiss the complaint is denied but the motion to dismiss the crossclaim is granted.

SO ORDERED.