**AMERON, INC., Plaintiff,**

v.

**CHEMISCHE WERKE HULS AG, a foreign corporation; Thorson Chemical Corporation; and Jefferson Chemical Co., Inc., Defendants.**

Civ. A. No. 87–CV–40406–FL.

United States District Court,
E.D. Michigan, S.D.
at Flint.

March 20, 1991.

Randall Phillips, John Emery, Provizer, Lichtenstein, Pearlman & Phillips, Southfield, Mich., for Ameron, Inc.

Robert Marsac, Darrell Grams, Wise & Marsac, Detroit, Mich., for Texaco Chemical Co. and Jefferson Chemical Co.

Wolfgang Hoppe, Ryan Haywood, Steven Roach, Miller, Canfield, Paddock & Stone, Detroit, Mich., for Chemische Werke Huls.

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NEWBLATT, District Judge.

After having examined the Magistrate Judge's Report and Recommendation of January 31, 1991, and defendants' objections thereto and plaintiff's responses and the underlying filings, I was struck by the high quality of legal work of counsel and

the Magistrate Judge. I hereby mention my appreciation therefor.

Recognizing as all counsel and the Magistrate Judge have, this question has no definitive answer at the present time. I am persuaded by the logic of the Magistrate Judge, and therefore accept and adopt his Report and Recommendation. Writing further would simply cater to my ego and add nothing as the issues have been subjected by all to careful analysis and reasoning.

Accordingly, the defendants' Motions for Summary Judgment are DENIED.

SO ORDERED.

## MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

CHARLES E. BINDER, United States Magistrate Judge.

## I. INTRODUCTION

Pending, pursuant to an Order of Reference, are Defendant Chemische Werke Huls Ag's (Huls) Motion For Dismissal and for Summary Judgment and Defendant Texaco Chemical Company's Motion For Summary Judgment.

Plaintiff was originally sued in Midland County Circuit Court by Consumers Power Company and Bechtel Power Company for damages caused by Ameron's paint, Nuklad 117n (117). Ameron's product 117 was a decontaminable wall coating which was applied to the surface of the interior concrete walls of the Midland nuclear power plant. Some of the coatings of 117 failed to adhere properly and delaminated after their application to the walls by a subcontractor, J. L. Manta, Inc. Consumers Power Company and Bechtel Power Company filed suit against both the sub-contractor and Ameron in November of 1982, alleging Ameron's product 117 was defective. On or about January 30, 1987, a settlement was reached between the parties in the state court action for $530,000, of which Ameron contributed $400,000.

On or about October 13, 1987, Ameron brought suit against three defendants,

Huls, Thorson Chemical Corporation and Nuodex, Inc. Defendants Thorson and Nuodex were previously dismissed by an Order of this Court. On January 26, 1988, Ameron filed a First Amended Complaint, adding defendant Texaco Chemical Company to the action, wrongly named as Jefferson Chemical Company. Both Texaco and Huls manufactured component products used in Ameron's product 117. Ameron alleged that Texaco's and Huls' component products caused the defect in Ameron's product 117.

Ameron's First Amended Complaint alleges Count I, negligence; Count II, breach of implied warranty; Count III, breach of the UCC express and implied warranties; Count IV, material misrepresentation; and, Count V, breach of contract. Defendants brought a Motion for Summary Judgment on all claims. I recommended dismissal of all claims in a Report and Recommendation dated August 29, 1990. These recommendations were adopted in part, plaintiff's tort and contribution claims being dismissed. The Report and Recommendation was rejected as to plaintiff's indemnification action. On October 2, 1990, the matter was re-referred to this Magistrate for a Report and Recommendation on the issue of whether plaintiff's indemnification claim is within the statute of limitations.

## II. ANALYSIS

### A. *The Applicable Statute of Limitations*

■ Defendants claim that since plaintiff is limited to recovery of only economic damages, plaintiff's cause of action is controlled by Mich.Comp.Laws section 440.-2725 (Michigan's version of the Uniform Commercial Code Section 2–725). Section 2725 provides for a four year statute of limitations accruing at tender of delivery of the alleged defective goods. The applicable portion of the statute reads:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limita-

tion to not less than 1 year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Michigan courts have applied this statute to bar claims for economic damages based on a breach of warranty filed more than four years after the tender of delivery of the alleged defective goods. *Neibarger v. Universal Cooperatives, Inc.,* 181 Mich. App. 794, 450 N.W.2d 88 (1989); *see also Frey Dairy v. A.O. Smith Harvestore Products, Inc.,* 680 F.Supp. 253 (E.D.Mich. 1988).

On the other hand, plaintiff argues that their claim is for indemnification. Michigan follows the general rule providing that a cause of action for indemnification accrues at the time judgment is paid or settlement. *Insurance Co. of North America v. Southeastern Elec. Co.,* 405 Mich. 554, 275 N.W.2d 255 (1979); *Beck v. Westphal,* 141 Mich.App. 136, 366 N.W.2d 217 (1984); *see also Penn Central Corp. v. Checker Cab Co.,* 488 F.Supp. 1225 (E.D.Mich.1980).

Thus, the court is faced with the question of whether, in Michigan, the Uniform Commercial Code accrual provision contained in section 2725 applies to an indemnification action where the plaintiff is limited to recovery of only economic damages. This question has never been addressed by the Michigan courts nor the Sixth Circuit. There is a split of authority in other jurisdictions that have faced this issue. Jurisdictions which bar indemnity claims where economic damages are sought as not within the statute of limitations provided in U.C.C. section 2–725 are Georgia, Utah, Illinois, Idaho and Washington. See *P.P.G. Industries, Inc. v. Genson,* 135 Ga.App. 248, 217 S.E.2d 479 (1979); *Perry v. Pioneer Wholesale Supply Co.,* 681 P.2d 214 (Utah 1984);

*Anixter Bros., Inc. v. Central Steel & Wire,* 123 Ill.App.3d 947, 79 Ill.Dec. 359, 463 N.E.2d 913 (1984); *Maxfield v. Simmons,* 96 Ill.2d 81, 70 Ill.Dec. 236, 449 N.E.2d 110 (1983) (Illinois courts distinguish indemnification based on contract principles from indemnification based on tort principles); *Farmers Nat. Bank v. Wickham Pipeline Const.,* 114 Idaho 565, 759 P.2d 71 (1988); *Controlled Atmosphere, Inc. v. Branom Instrument Co.,* 50 Wash.App. 343, 748 P.2d 686 (1988). These jurisdictions follow the view expressed by the Utah Supreme Court:

> The absolute language of [§ 2–725], including the provision that an action accrues at the time of tender of delivery regardless of whether an aggrieved party knows of the breach (generally a ground for tolling), indicates a legislative intent that all actions based on breach of contract for the sale of goods be brought, if at all, within four years of the tender of delivery. This interpretation is further supported by the statutory provision prohibiting the parties from extending the limitation period by agreement. The statute was apparently intended to afford ultimate repose in transactions for the sale of goods. Application of the general indemnity rule would contradict this specific direction by extending the time in which to bring an indemnity action based on a breach of warranty to four years after the party seeking indemnity becomes liable.

*Perry,* 681 P.2d at 219.

Jurisdictions which have determined that indemnity claims are not governed by U.C.C. section 2–725 include New York, North Carolina, Maine, Missouri, New Hampshire, Maryland, Nebraska and Virginia. *McDermott v. City of New York,* 50 N.Y.2d 211, 428 N.Y.S.2d 643, 406 N.E.2d 460 (1980); *Walker Mfg. Co. v. Dickerson, Inc.,* 619 F.2d 305 (4th Cir.1980) (applying North Carolina law); *Cyr v. Michaud,* 454 A.2d 1376 (Maine 1983); *City of Clayton v. Grumman Emer. Prod.,* 576 F.Supp. 1122 (E.D.Missouri 1983) (applying Missouri law); *Jaswell Drill Corp. v. General Motors Corp.,* 129 N.H. 341, 529 A.2d 875 (1987); *Hanscome v. Perry,* 75 Md.App.

605, 542 A.2d 421 (1988); *City of Wood River v. Geer–Melkus Const. Co.*, 233 Neb. 179, 444 N.W.2d 305 (1989); *In re Fela Asbestos Litigation*, 638 F.Supp. 107 (W.D. Va.1986) *rev'd. on other grounds, sub. nom., Wingo v. Celotex Corp.*, 834 F.2d 375 (4th Cir.1987) (applying Virginia law). These courts view a claim for breach of implied warranty of merchantability and a claim for breach of implied contract of indemnity as distinctly separate. These jurisdictions follow the rationale stated in *City of Clayton.*

> Although Grumman raises the issue of the future performance exception to § 2–725, the Court need not address that question. Counts I and III of Grumman's third-party complaint state causes of action for indemnity based on breaches of express and implied warranties. The statute of limitations for indemnity does not start to run until the indemnitee is found liable to a third party. *See Simon v. Kansas City Rug Co.*, 460 S.W.2d 596, 600 (Mo.1970). Therefore, Grumman's claims for indemnity from Warner are not time barred. This result does not imprudently enlarge the statute of limitations for breach of warranty. A party who buys and then resells a product is not in a position to discover the latent defect within the warranty's limitations period because the product is in the hands of the consumer during that time. Only when the consumer sues the retailer does the retailer gain notice of the latent defect. *See Walker Manufacturing Co. v. Dickerson, Inc.*, 619 F.2d 305, 310 (4th Cir.1980) (North Carolina U.C.C. law).

*City of Clayton*, 576 F.Supp. at 1127.

*City of Clayton* is factually similar to this case. The city of Clayton first filed suit against Grumman Emergency Products (Grumman) to recover damages for cracks in the frame of a fire truck purchased from Grumman. Grumman in turn filed a third-party action against the Warner and Swazey Company, the manufacturer of the frame. The court applied Missouri's economic loss rule and limited Grumman's recovery to contract theories. However, the court refused to strictly ap-

ply U.C.C. section 2–725 to Grumman's indemnification claim. 576 F.Supp. 1122.

I suggest that the Michigan courts would follow the latter view and hold that an implied indemnity claim exists independent of a claim for breach of contract under the U.C.C. To find otherwise and strictly apply U.C.C. section 2–725 could cause inequitable results. It is conceivable that the alleged defect in the component products supplied by defendants to Ameron may not have been discovered until four years after tender of the products to Ameron, but within four years of tender of delivery of Ameron's product 117 to Consumers Power Company. This would leave Ameron completely liable for harm it did not cause. Such a result is inequitable. Michigan has recognized that indemnification "rest[s] upon the equitable principle of a right to restitution". *Dale v. Whiteman*, 388 Mich. 698, 202 N.W.2d 797 (1972). Michigan also recognizes that

> [i]n indemnity actions, the statute begins to run from the date on which the indemnitee suffered the loss. *Insurance Co. of N. Am. v. Southeastern Electric Co.*, 405 Mich. 554, 275 N.W.2d 255 (1979). In a situation where the indemnitee becomes liable to a third party, no "loss" is suffered until the indemnitee pays a judgment entered against it in favor of the third party, or until the indemnitee satisfies the third party's claim by a settlement payment. See *Owen v. Baxter Estate*, 97 Mich. 539, 56 N.W. 930 (1893); 41 Am.Jur.2d, Indemnity, §§ 32, 39; 42 C.J.S., Indemnity, § 25. The reason for this rule is rooted in common sense: until the indemnitee has satisfied his liability, no loss has been suffered, and no wrong has been done to the indemnitee. Likewise, until his liability is satisfied, the full extent of the indemnitee's losses cannot be ascertained.

*Penn Central Corp.*, 488 F.Supp. at 1230–31.

I suggest that this result is in agreement with the Sixth Circuit's opinion in *Proctor & Schwartz, Inc. v. U.S. Equipment Co.*, 624 F.2d 771 (6th Cir.1980). There, plaintiff brought claims for indemnification and

breach of contract to recover money paid in settlement of a personal injury action. The court dismissed plaintiff's breach of contract claim as not within the four year statute of limitations contained in U.C.C. section 2–725. However, the court allowed the implied indemnity action to stand on its own.

I therefore suggest that Mich.Comp. Laws section 440.2725 does not apply to a claim for indemnification. Defendant Huls cites *United States v. Burton*, 580 F.Supp. 660 (E.D.Mich.1984) for the proposition that the court must look to the underlying causes of action when a claim of indemnification is asserted and apply the underlying cause of action to the statute of limitations. However, *Burton* involved an indemnification claim against an architect. The court applied Mich.Comp.Laws section 600.-5839(1), a statute that expressly applies to indemnification actions against architects, which necessitates an analysis of the underlying claim.[1] Therefore, I suggest that this case is not persuasive.[2]

### B. *Application of Statute of Limitations*

■ On this analysis, two statutes of limitation must be reviewed; that for contracts and that for indemnity. Plaintiff's contract claims under the U.C.C., I suggest, are controlled by the four-year statute of limitations for breach of contract actions. Mich.Comp.Laws § 440.2725. Plaintiff argues that Mich.Comp.Laws section 600.5833 tolls the accrual of the statute of limitations until the breach is discovered. That statute states:

> In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of

the warranty is discovered or reasⁿᵃbly should be discovered.

*Id.*

I suggest that even if section 600.5833 is applicable, Ameron's contract actions are barred. Ameron's discovery date of any alleged breach should have been at the latest, November 12, 1982, the date Ameron was sued by Consumers Power Company and Bechtel Power Company. This action commenced on October 13, 1987 against Huls and on January 26, 1988 against Texaco, after the period of limitations had expired.

■ The appropriate limitations period for plaintiff's indemnity claims is the six-year period provided for in Mich.Comp. Laws section 600.5807(8). See *Proctor v. Schwartz*, 624 F.2d at 775, n. 6. Under this provision, plaintiff's cause of action accrued when the settlement was paid; that is on or about January 30, 1987. Both plaintiff's original and first amended complaints were filed well within this limitations period. Accordingly, summary judgment on this claim is, I suggest, inappropriate.

### III. RECOMMENDATION

Accordingly, for the reasons stated above, IT IS RECOMMENDED that Defendants' Motions for Summary Judgment be DENIED as to plaintiff's indemnity claim.

### IV. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Pursuant to Rule C–4(a) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objections is to be

---

**1.** Mich.Comp.Laws section 600.5839(1) states: "No person may maintain any action who recovered damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improve-

ment more than six years after the time of occupancy of the completed improvement, use or acceptance of such improvement...."

**2.** Defendants contend that plaintiff could have issued vouching-in notices after the original action commenced. Mich.Comp.Laws section 440.2607(5)(a). However, failure to vouch-in does not foreclose an independent action for indemnification. See 2A Frumer, Friedman, Products Liability § 15.08[3][c] (1990).

served upon this Magistrate. Failure to file objections constitutes a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981), *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).