**TITANIUM METALS CORPORATION,**
a Delaware corporation, Plaintiff,

v.

**ELKEM MANAGEMENT, INC., a**
**Pennsylvania Corporation,**
**Defendant.**

No. Civ.A. 97–369.

United States District Court,
W.D. Pennsylvania.

Sept. 30, 1998.

David E. White, Leonard F. Spagnolo, Thorp, Reed & Armstrong, Pittsburgh, PA, Lester C. Houtz, Ryan D. Downs, Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, for Titanium Metals Corporation, plaintiff.

Edward G. O'Connor, Scott D. Cessar, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, for Elkem Management, Inc., defendant.

### *MEMORANDUM OPINION*
### *AND ORDER*

D. BROOKS SMITH, District Judge.

This is a commercial dispute in which contaminants were introduced into a metals manufacturing process, causing the metal and certain products made from it (including jet engine parts) to be unusable, resulting in actual or threatened litigation throughout much of the distribution chain. In the case at bar, Titanium Metals Corp. ("Timet") has sued one of its suppliers, Elkem Management, Inc. for providing it with contaminated chromium powder.

Elkem has filed a motion for partial summary judgment, dkt. no. 12, arguing that claims for damages arising out of a $2 million settlement Timet paid to one of its customers, as well as certain inspection and investigation expenses and costs of replacing defective metal, should be dismissed. I will deny this motion.[1]

### I.

Timet manufactures titanium alloys for the aerospace industry in discrete batches known as "heats." One component of those alloys is chromium, which Elkem sells as part of its business. Timet contracted with Elkem to provide chromium powder for its heats, but Elkem's plant produces that metal only in 2.5" pellets. Elkem accordingly contracted with F.W. Winter & Co., Inc., to crush and screen the pellets into a powdered form acceptable to Timet. Unfortunately for all concerned, Winter screened the chromium powder on screens it had previously used to screen tungsten carbide for another of its customers. Tungsten is considered a contaminant of titanium alloys.

Timet used the contaminated chromium in several heats and sold the resulting alloy to its customer, Wyman–Gordon Company, which in turn made forgings from it and sold them to its largest customer, General Electric, for use in military jet engines. When the mistake was discovered, the result was predictable: GE demanded compensation from Wyman–Gordon and was given $4.5 million, and Wyman–Gordon sought and received $2 million from Timet. Timet then filed the instant suit against Elkem, alleging breach of contract, and breach of express warranty, breach of the implied warranties of merchantability and fitness.[2] The complaint seeks recovery of the $2 million that Timet paid Wyman–Gordon, $465,824 for replacement of defective metal and $189,145 in testing, inspection and investigation costs it incurred in determining the source of the contamination.

### II.

Elkem's motion challenges Timet's recovery of the $2 million it paid Wyman–Gordon as time-barred and seeks to exclude certain investigative and replacement costs as untimely as well. I will address the two issues in turn.[3]

### A.

The gravamen of defendant's argument that recovery for the $2 million payment is untimely is that the Uniform Commercial Code, specifically 13 Pa.C.S.A. § 2725, provides that actions for damages in contracts for sales of goods must be filed within four years of the date the tender of delivery is made. Thus, because Elkem delivered the last shipment of defective chromium in November 1992, it asserts that this action, filed on January 3, 1997,[4] is time-barred.

It is well-settled, of course, that the UCC sets forth a strict, four-year limitations period running from the tender of delivery. *See. e.g., Patton v. Mack Trucks. Inc.*, 360 Pa.Super. 1, 519 A.2d 959, 962 (1986); *Firestone & Parson, Inc. v. Union League*, 672 F.Supp. 819, 822 (E.D.Pa.), *aff'd mem.*, 833 F.2d 304 (3d Cir .1987).

■ On the other hand, Timet characterizes this portion of the case as an action for indemnity, pointing out that a cause of action for indemnity accrues when judgment is entered or when the underlying

1. Elkem has also filed a separate motion in which it argues that Timet's claim, viewed as a claim for indemnification, fails on its merits. That motion will be addressed in a later memorandum.

2. Separately from this action, Elkem sought recovery from Winter as well.

3. As an *Erie*-bound federal district court, it is axiomatic that state law, specifically the law of Pennsylvania, provides the rules of decision for adjudicating this motion.

4. That case was docketed at Civil Action No. 97–13, but voluntarily dismissed pursuant to a tolling agreement. Because of that agreement, the instant action, which was filed on February 27, 1997, is deemed, for limitations purposes, to have been filed on January 3.

liability is settled, as long as the settlement was pursuant to a legal obligation to pay damages.[5] *See, e.g., Mack Trucks, Inc. v. Bendix–Westinghouse Automotive Air Brake Co.*, 372 F.2d 18, 20 (3d Cir. 1966) ("the cause arises when the plaintiff sustains the loss for which he can claim indemnification"); *Rubin Quinn Moss Heaney & Patterson, P.C. v. Kennel*, 832 F.Supp. 922, 935 (E.D.Pa.1993); *General Accident Fire & Life Assur. Corp. v. I.T.T. Gen'l Corp.*, No. 88–6505, 1989 WL 73707, *3 (E.D.Pa. June 30, 1989), *aff'd mem.*, 893 F.2d 1329 (3d Cir.1989). Thus, according to Timet, its cause of action against Elkem accrued in April 1996, when Timet settled Wyman–Gordon's claims against it; under this view, Timet's case against Elkem remains timely.

■ The question, then, is whether the tender of delivery rule applicable generally in UCC actions applies to this claim for indemnity.[6] There is a split of authority on this issue, and no reported Pennsylvania appellate authority on point.

Some courts hold that the strict, tender of delivery rule embodied in UCC § 2–725 trumps the typical accrual of an indemnity claim only when the plaintiff becomes liable to the third party. *See Ameron, Inc. v. Chemische Werke Huls AG*, 760 F.Supp. 1234, 1236 (E.D.Mich.1991) (collecting cases). These courts read § 2–725 as expressing

> a legislative intent that all actions based on breach of contract for the sale of goods be brought, if at all, within four years of the tender of delivery.... The statute was apparently intended to afford ultimate repose in transactions for the sale of goods. Application of the general indemnity rule would contradict this specific direction by extending the time in which to bring an indemnity action based on breach of warranty to four years after the party seeking indemnity becomes liable.

*Id.* at 1236 (quoting *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 219 (Utah 1984)).

Other courts, however, decline to apply the § 2–275 tender of delivery rule in the indemnity context.

> These courts view a claim for breach of ... warranty ... and a claim for breach of an implied contract of indemnity as

---

**5.** It must appear, however, that the plaintiff made the payment under legal obligation to do so. Making such a payment to maintain goodwill or other valuable business relationships, absent a legal duty, does not give rise to a claim for indemnity. *See Kemper Nat'l P & C Cos. v. Smith*, 419 Pa.Super. 295, 615 A.2d 372, 376 (1992); *Philadelphia Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 317 (3d Cir. 1985); *Neville Chem. Co. v. Union Carbide Corp.*, 422 F.2d 1205, 1222–23 (3d Cir.1970); *Besser Co. v. Paco Corp.*, 671 F.Supp. 1010, 1012 (M.D.Pa.1987).

**6.** Elkem strenuously argues that plaintiff has not pleaded a free-standing claim for indemnity, and that I "should be chary of upholding ... a cause of action that was [not] pleaded...." *Hercules*, 762 F.2d at 316. That case is inapposite, however, as it dealt with appellee's argument that the judgment below should be affirmed on an indemnity theory, when that theory was never presented to the district court, proved and presented to the jury. *See id.* These proceedings are at a much earlier stage. Elkem also argues that I should not grant Timet leave to amend its

complaint to assert an indemnity claim, given that discovery has closed and pretrial statements have been filed, relying upon *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir.1983) (where "considerable time has elapsed between the filing of the complaint and the motion to amend," movant must show valid reason for delay), and *Allied Erecting & Dismantling Co. v. United States Steel Corp.*, 786 F.Supp. 1223, 1226–27 (W.D.Pa.1992) (delay combined with prejudice permits denial of leave). Here, however, there appears to be no prejudice to Elkem in allowing leave. Elkem is, and has been, on full notice of the claims asserted against it and this amendment would not change the character of the case against it, except that Timet must show that it was legally obligated to pay Wyman–Gordon. Moreover, it does not appear that any additional discovery would be required from Elkem. Under these circumstances, I will not deny leave to amend. *See Coventry v. United States Steel Corp.*, 856 F.2d 514, 518–19 (3d Cir.1988). Indeed, I will order that Timet make the appropriate amendments to its complaint within ten days.

distinctly separate.... The statute of limitations for indemnity does not start to run until the indemnitee is found liable to a third party.... This result does not imprudently enlarge the statute of limitations for breach of warranty. A party who buys and then resells a product is not in a position to discover the latent defect within the warranty's limitations period because the product is in the hands of the consumer during that time. Only when the consumer sues the retailer does the retailer gain notice of the latent defect.

*Ameron,* 760 F.Supp. at 1237 (quoting *City of Clayton v. Grumman Emergency Prod.,* 576 F.Supp. 1122, 1127 (E.D.Mo.1983)) (citations and internal quotation marks omitted).

In arguing that the Pennsylvania Supreme Court would likely apply 13 Pa. C.S.A. 2725 to an indemnity claim like this one, Elkem makes a rather intricate argument directly from the text of the Pennsylvania four-year statute of limitations, 42 Pa.C.S.A. § 5525, which provides, in pertinent part:

The following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

Elkem first notes that a claim for indemnification is considered by Pennsylvania courts to be an action to recover upon a contract implied in law, that is an implied indemnity contract. *See Kennel,* 832 F.Supp. at 935; *General Accident,* 1989 WL 73707, *2 ("An action for contribution or indemnity is most properly characterized as an action based on a contract implied in law.") (citing cases). Thus, it acknowledges that the four-year statute of limitations set forth in subsection (4) putatively applies. *See Kennel,* 832 F.Supp. at 935.

But this, of course, fixes only the limitations period, which is also four years under UCC § 2–725. To succeed in its argument that the indemnification claim is time-barred, Elkem must also demonstrate as a matter of law that § 2–725's tender of delivery rule governs the accrual of the claim. Thus, the second step of Elkem's argument is that under § 5525(4), the "action [is] subject to another limitation specified in this subchapter, specifically § 5525(2), which refers to '[a]ny action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).'" By § 5525(4)'s own terms, according to Elkem, § 2725 is engrafted in any indemnity contract arising out of the sale of goods to provide both the statute of limitations and the time of accrual.

This argument is problematic, for two reasons. First, § 5525(2)'s reference to "[a]ny action subject to 13 Pa.C.S. § 2725" does not prove that indemnity actions related to the sales of goods are subject to § 2725; it simply begs the question. So, for that matter, does the language of § 5525(4), which excepts "actions subject to another limitations period...." Second, the mere fact that an action otherwise subject to § 2725 is to have a four-year limitations period (which § 2725 provides explicitly in any event) does not evidence a legislative intent specifically to incorporate the tender of delivery rule as well. Thus, I find Elkem's argument unpersuasive.[7]

---

**7.** Elkem argues that the legislature's use of the word "any" in § 5525(2) bolsters its assertion that indemnity actions are to be governed by § 2725. This is incorrect, however, because the question still remains whether this action is "subject to" § 2725 in the first instance. Elkem also relies on then-Justice Larsen's plurality opinion in *Cucchi v. Rollins Protective Servs. Co.,* 524 Pa. 514, 574 A.2d 565, 573 (1990), which extended the UCC statute of limitations to lease transactions, for the proposition that the Pennsylvania Su-

■ Because Elkem has not persuaded me that the text of the Pennsylvania statutes of limitations militates in favor of applying § 2725, and because I am hesitant in the absence of guidance from the courts of Pennsylvania to adopt a rule that would leave an innocent party without any remedy for claims that may be asserted beyond the original statute of limitations, I will follow the line of cases holding that an indemnity claim is separate from an action for breach of warranty, and as such, the claim here accrued when Timet settled with Wyman–Gordon.

### B.

Elkem also seeks partial summary judgment on two other issues. First, it argues that $180,405 of the costs of replacing the defective metal is traceable to two shipments of chromium, both of which were shipped by Elkem and received by Timet in 1992. Since these are direct liability claims rather than indemnity, Elkem contends that they are time-barred and Timet concedes the issue. Dkt. no. 18, at 8. Accordingly, summary judgment is warranted as to the recovery of these costs.

Elkem also asserts it is entitled to summary judgment on the investigative costs arising out of these same two shipments. It claims that, because Timet is allegedly unable to trace those costs to particular heats and shipments of chromium, the appropriate means of allocation is to apportion the damages "as a function of the weight of chromium in each shipment that was used in the production of heats...." Dkt.. no. 13, at 12. Timet responds that its "inspection and investigation costs were caused primarily if not exclusively by contamination found in the one shipment that Elkem admits is clearly within the statute of limitations...." Dkt. no. 18, at 9. I find the record at this stage of the litigation inappropriate for summary judgment on this issue. Elkem, while it has presented

an apparently reasonable method of apportioning these damages, has simply not shown that its method is the only way or even the best way to do so. I will leave that issue to be more fully developed at trial rather than pretermit its resolution as a matter of law on a motion for summary judgment.

---

preme Court favors a fixed time of repose to allow sellers to "close the books on a given transaction.'" That language, however, was joined by only one other member of the court; hence, it has little if, any, predictive value.

See *Keblish v. Thomas Equip., Ltd.,* 541 Pa. 20, 660 A.2d 38, 40 n. 1 (1995) (making similar observation regarding precedential value of *Cucchi* opinion).