Strafford
No. 2004-517

STEPHEN AND NANCY WOOD

v.

WILLIAM GREAVES d/b/a AGRICULTURAL LAND MANAGEMENT

Argued: January 19, 2005
Opinion Issued: May 20, 2005

*McGrath Law Firm, P.A.*, of Concord (*Andrew J. Piela* on the brief and orally), for the plaintiffs.

*Cleveland, Waters and Bass, P.A.*, of Concord (*Mark S. Derby* and *David W. Rayment* on the brief, and *Mr. Derby* orally), for the defendant.

NADEAU, J. The plaintiffs, Stephen and Nancy Wood, appeal an order of the Superior Court (*Fauver*, J.) granting summary judgment to the defendant, William Greaves d/b/a Agricultural Land Management. The court ruled that the plaintiffs' claims were barred by the statute of limitations. We affirm.

The trial court found the following facts to be undisputed. The plaintiffs hired the defendant to build a horse facility on land they own in North Hampton. As a result of the defendant's work, the plaintiffs were notified by the New Hampshire Department of Environmental Services (DES) of a potential wetlands violation on their property. The notification, dated July 30, 1999, informed the plaintiffs that DES could institute enforcement action against them, and stated that the plaintiffs could either submit an application "after the fact" for the work already done, or provide a restoration plan.

The plaintiffs submitted an application after the fact in November 1999, which DES denied by letter dated November 14, 2001. The plaintiffs then submitted a restoration plan, which DES approved by letter dated April 16, 2003.

The plaintiffs commenced this action on July 7, 2003, alleging that the defendant committed a wetlands violation, without their authorization or consent, on their property, causing damages including the incurring of engineering and legal fees and remediation costs. The plaintiffs' writ alleged causes of action in implied indemnification and imputed indemnification.

The defendant moved for summary judgment, contending that the plaintiffs' claims were barred by the statute of limitations. The trial judge initially denied the motion, but on defendant's motion for reconsideration, concluded that the statute of limitations began to run in late November 1999, when the plaintiffs filed their application after the fact. As the plaintiffs commenced their suit more than three years after that date, the court found their action time-barred. The plaintiffs appeal.

Our standard of review is well established:

> We will affirm a trial court's grant of summary judgment if, considering the evidence and all inferences properly drawn therefrom in the light most favorable to the non-movant, our review of that evidence discloses no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. We review the trial court's application of the law to the facts *de novo*.

*Coyle v. Battles*, 147 N.H. 98, 100 (2001) (quotation, citation and ellipsis omitted).

The plaintiffs do not dispute that the applicable statute of limitations is set forth in RSA 508:4, I (1997):

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

Rather, the plaintiffs contend that "[t]he sole issue here is whether the superior court erred in deciding when the statute of limitations began to run."

The plaintiffs argue that the statute of limitations on a claim for indemnification does not begin to run "until the party seeking indemnification suffers a loss." *Jaswell Drill Corp. v. General Motors Corp.*, 129 N.H. 341, 347 (1987) (quotation omitted). They argue that the date of loss in such cases "means the date when either judgment is entered against the indemnitee, or a settlement is paid by the indemnitee." The plaintiffs contend that the statute of limitations began running on April 16, 2003, the date DES accepted their restoration plan.

We have stated that "[c]laims for indemnification do not accrue for the purposes of the statute of limitations until a judgment has been paid by the third-party plaintiff." *Jaswell Drill Corp.*, 129 N.H. at 347 (quotation and ellipsis omitted). *Jaswell* involved an underlying action for damages allegedly related to the purchase and use of a Jaswell drilling rig. *Id.* at 343. Jaswell in turn sued General Motors Corporation (GM), claiming that any damages to the plaintiff in the underlying action were due to a defective part supplied by GM. *Id.* Thus, in *Jaswell*, the actual injury underlying the original suit was sustained by a third party; the only loss suffered by the indemnitee was the payment of damages to the plaintiff in the underlying action. In such situations, the rationale for which the plaintiffs cite *Ameron, Inc. v. Chemische Werke Huls AG*, 760 F. Supp. 1234 (E.D. Mich. 1991), is apposite:

> In a situation where the indemnitee becomes liable to a third party, no "loss" is suffered until the indemnitee pays a judgment entered against it in favor of the third party, or until the indemnitee satisfies the third party's claim by a settlement payment. The reason for this rule is rooted in common sense: until the indemnitee has satisfied his liability, no loss has been suffered, and no wrong has been done to the indemnitee.

*Ameron, Inc.*, 760 F. Supp. at 1237 (quotation and citations omitted).

We agree with the defendant that the cases upon which the plaintiffs rely are factually distinguishable. In the instant case, there is no underlying action brought by an injured third party. The indemnitee and the party initially injured by the defendant's conduct are the same: the plaintiffs. Thus, the rationale behind the rule the plaintiffs seek to apply is inapposite.

■ To determine the nature of a cause of action for statute of limitations purposes, we look not to "the form of the action but . . .[rather] its substance." *Gould v. Concord Hospital*, 126 N.H. 405, 407 (1985) (quotation and brackets omitted). Although captioned "Implied Indemnification" and "Imputed Indemnification," the plaintiffs' claims described actions by the defendant that caused direct damage to the plaintiffs. Count I alleged that the defendant contracted to provide goods and services to the plaintiffs and "had a nondelegable duty to perform his contract in a substantial, workmanlike manner." Count II alleged that defendant contracted with the plaintiffs and "represented that his company was an expert in constructing horse pastures," yet undertook certain actions in a wetland "without any direction or consent from the plaintiffs." Both counts alleged that "[t]he plaintiffs have been damaged,

and continue to suffer damages as a result of the defendant's actions, including, but not limited to, engineering fees, legal fees, remediation costs, and other consequential damages."

■ We consider this case to be functionally equivalent to one in which a builder hired under contract to build a house constructs it negligently and in violation of local building or zoning ordinances. There, the plaintiff's action would be one for breach of contract. *Cf. Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 156 (1973) (superseded by statute on other grounds). In *Roberts*, we held that a claim pled in tort that "allege[d] negligent performance of a contract claiming as damages the cost of remedying the defects in defendant's performance" was "an action for breach of contract not tort." *Id.* Similarly, the plaintiffs here alleged that defects in work the defendant had contracted with them to perform caused them to incur costs to remedy the defects. That the plaintiffs styled their claims as implied and imputed indemnification does not alter their substance as claims for breach of contract any more than did the pleading of the purported tort claim in *Roberts*. Accordingly, we conclude that the limitations rules for a contract action, rather than those for indemnification, apply to the instant case.

■ We held in *Black Bear Lodge v. Trillium Corporation*, 136 N.H. 635, 638 (1993), that according to the plain meaning of RSA 508:4, I, the discovery rule contained therein applies to contract actions. That rule embodies a two-pronged test: "First, a plaintiff must know or reasonably should have known that it has been injured; and second, a plaintiff must know or reasonably should have known that its injury was proximately caused by the conduct of the defendant." *Big League Entm't v. Brox Indus.*, 149 N.H. 480, 485 (2003). The record before us compels a finding that the plaintiffs should have known both pieces of required information no later than November 1999, which is the time the trial court ruled the statute of limitations began to run. This action was commenced more than three years later, on July 7, 2003. Accordingly, we affirm the trial court's conclusion that this action is time-barred.

■ The plaintiffs nevertheless argue that until they "knew whether their Restoration Plan was accepted as proposed, or accepted with additional conditions, they had no way of knowing the extent of their damages." We acknowledge that a similar argument has been used to support the rule that the statute of limitations on indemnification claims for liability to a third party does not begin to run until a judgment or settlement is paid to the third party. *See Ameron*, 760 F. Supp. at 1237. We have concluded, however, that the plaintiffs' claims sound in contract rather than

indemnity, and that the usual discovery rule applies. "[T]he discovery rule is not intended to toll the statute of limitations until the full extent of the plaintiff[s'] injury has manifested itself. Rather, that the plaintiff[s] could reasonably discern that [they] suffered some harm caused by the defendant's conduct is sufficient to render the discovery rule inapplicable." *Furbush v. McKittrick*, 149 N.H. 426, 431 (2003) (citation omitted).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.