**Dolores AQUINO, Plaintiff,**

v.

**CREDIT CONTROL SERVICES, et al., Defendants.**

No. C97–02928 CRB.

United States District Court, N.D. California.

March 19, 1998.

Irving Berg, San Francisco, CA, for Plaintiff.

Michael Boland, Brown & Boland, San Francisco, CA, for Defendants.

## ORDER

BREYER, District Judge.

Before the Court is defendant's motion to dismiss pursuant to Fed .R.Civ.P. 12(b)(6). Plaintiff, Dolores Aquino, alleges that defendant, Western Union Communications, violated provisions of both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the California Business and Professions Code § 17200. Having carefully read and considered the papers submitted by the parties, the Court GRANTS defendant's motion to dismiss as to both claims.[1]

### I. *Factual Background*

Plaintiff alleges that in April 1997 she received a collection letter at her home which was delivered by Western Union's "Total Collection Solution" message service. The letter, which was sent to plaintiff by another defendant, Credit Collection Services ("CCS"), sought collection of a debt for $67.30. Plaintiff's complaint states that "when she saw the simulated telegram she became anxious, frightened, and nervous. Plaintiff believed it was a telegram bringing

her bad news—a death, a serious accident, a major illness." (Compl.¶ 10.) After opening the envelope and discovering the nature of the message, "Plaintiff thereafter became angry and upset because she believed she had been deceived and tricked by Western Union because the ominous simulated telegram contained only a collection letter involving a debt she had long ago disputed." (Compl.¶ 11.) Plaintiff alleges that as a result of this incident "she has suffered actual damages and injury including but not limited to acute stress, muscle tremors, sleeplessness headaches, anger, and rage" and "has been subjected to moods of despondency that have prevented her from seeking employment thereby driving her to bankruptcy." (Compl.¶¶ 13, 14).

Plaintiff has filed suit against Western Union, CCS, and other related parties, alleging violations of both the FDCPA and related California law. Western Union has filed a motion to dismiss all claims.

### II. *Legal Analysis*

Under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed for failure to state a claim if, after accepting the complaint's material allegations and facts, it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief *See Branch v. Tunnell,* 14 F.3d 449, 455 (9th Cir.1994).

### A. *Fair Debt Collection Practices Act Claim*

Plaintiff asserts that defendant, by virtue of its "Total Collection Solution" message service, is a "debt collector" within the meaning of the FDCPA, and as such, has violated various sections of the Act by delivering the collection notice. *See* 15 U.S.C. §§ 1692d (harassment or abuse), 1692e (false or misleading representations), and 1692f (unfair practices). Defendant contends that plaintiff has failed to state a claim because Western

---

1. Pursuant to Civil Local Rule 7–1(b), the Court adjudicates the instant motion without oral argument.

Union is not a debt collector as defined by the FDCPA.

The FDCPA defines a debt collector as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). In analyzing this provision, the Supreme Court cited Black's Law Dictionary for the proposition that "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (quoting Black's Law Dictionary 263 (6th ed.1990)). Thus, in assessing plaintiff's allegation that defendant acted as a debt collector, a court must ascertain if Western Union regularly attempts to obtain payment of debts, and if they were doing so, when they delivered the collection notice to the plaintiff.

■ An examination of defendant's contribution to the debt collection process reveals that it does not act as a debt collector when it delivers debt notices. As alleged in the complaint, Western Union's message service enables customers, who are debt collection agencies, to electronically prepare and send messages from their personal computers for Western Union delivery. The company has marketed this service as a means for creditors to improve and expedite their debt collection efforts. Specifically, defendant delivers messages to debtors in a "familiar Western Union yellow envelope emblazoned with the black-lettered Western Union imprimatur." (Compl.¶ 8.) The letter also bears Western Union's logo imprinted in the upper right-hand corner. Although neither party disputes plaintiff's factual assertions, they merely illustrate that Western Union serves as a messenger for debt collectors.

Plaintiff, however, fails to allege that Western Union's contribution to the debt collection process extends beyond this role as a messenger. The complaint does not allege that Western Union had any role in drafting the letter. The text of the message clearly identifies CCS as the recipient for payment of the debt and provides the company's name and address for this purpose. Plaintiff does cite to Western Union's advertising copy in arguing that defendant "knew 'no other envelope delivers the impact of a Western Union envelope'" and that "its envelope, 'is a collection tool that sends a message [to her] and gets read before anything else.'" (Compl.¶ 12). These assertions are not sufficient to place Western Union within the FDCPA's definition of a debt collector. Western Union never requested that plaintiff contact them directly or that she pay to them the money she purportedly owed. Significantly, plaintiff does not allege that Western Union had any relationship with her creditors other than as a delivery service. She also fails to allege that she had any contact with Western Union save for receiving the imprinted envelope and reading the letter displaying their emblem. In short, she merely contends that Western Union provided the packaging and delivery of the collection notice.

Three other district courts have examined the question of whether a message delivery service is considered to be a debt collector under the FDCPA. In *Romine v. Diversified Collection Services, Inc.*, No. CV–S–994 (D.Nev. filed Oct. 1, 1996), the court reject a similar claim against Western Union. Slip op. at 6–7. There, the court considered a Western Union service which induced customers to call Western Union in order to receive a "personal delivery telegram." Upon calling the company and providing verification of their telephone number, the customers received a message from the Western Union operator concerning collection of a overdue loan. Western Union also sent a mailgram confirming verbatim the telegram delivered orally by the operator. As with this case, Western Union provided this service to debt collection agencies, who composed the messages for delivery by Western Union. *See* Slip Op at 3–4, 6. In concluding that Western Union was not serving as a debt collector, the court stressed that "nothing in the record suggests that Western Un-

ion exercised any control over the contents of the message." *Id.* at 6.

In two other cases, district courts have found that a message company which provided essentially the same service as Western Union did not qualify as a debt collector under the FDCPA. *See Laubach v. Arrow Service Bureau, Inc.,* 987 F.Supp. 625 (N.D.Ill.1997), *Trull v. Lason Systems, Inc.,* 982 F.Supp. 600 (N.D.Ill.1997). In both cases, the message company provided a service substantially the same as that provided by Western Union in this case. Both courts concluded that the provision of such services did not establish the message service as a debt collector within the meaning of the FDCPA. *See Laubach,* 987 F.Supp. at 630–31; *Trull,* 982 F.Supp. at 608–09. The courts based their conclusion on reasoning similar to that found in *Romine:* the FDCPA's definition of debt collection did not encompass the mere packaging and delivery of another's collection notices. *Laubach,* at 630–31; *Trull,* at 608. This Court is in accord with the similar reasoning and conclusions set forth in all three case which have examined this issue.

Western Union confined its role in the collection of plaintiff's debt to one of a messenger. Plaintiff's primary grievance seems to be that the "Total Collection Solution" service is an effective means of contacting delinquent debtors. The Court passes no judgment on the virtue of Western Union's marketing their services to debt collection agencies, but the provision of such services no more implicates defendant in unfair debt collection practices than would the United States Postal Service's routine delivery of debt collection letters. Accordingly, Western Union's motion to dismiss plaintiff's FDCPA claim is granted with prejudice.

### B. *California Business and Professions Code § 17200 Claim*

Plaintiff also alleges on behalf of the general public that Western Union's actions violated Cal Bus. & Prof Code § 17200, which bars unlawful or fraudulent business acts or practices. Specifically, plaintiff alleges that Western Union's service violates the FDCPA, that it constitutes "harm to members of the general public [which] outweighs the utility," and that it is "likely to mislead the public." (Compl.¶ 27.) Plaintiff further alleges that the service "present[s] a continuing threat to members of the public in that the acts and practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and the invasion of personal property." (Compl.¶ 28).

The Court has already rejected plaintiff's primary FDCPA claim and it cannot serve as the basis for a claim under section 17200. *See generally Hobby Industry Ass'n of America, Inc. v. Younger,* 101 Cal.App.3d 358, 371–72, 161 Cal.Rptr. 601 (1980) ("determination of the various unlawful business practices covered the act must be made by looking to the particular proscriptive legislation itself which is carried into section 17200 by its broad language").

As to the complaint's allegations that Western Union's actions harm or mislead the public, plaintiff has failed to support her assertions with any facts other than her particularized problems with the service. While plaintiff may have found Western Union's tactics offensive, she is unable to set forth any factual allegations that the defendant's approach violated any state or federal provisions. Accordingly, her claim under section 17200 is dismissed with prejudice.

### III. *Conclusion*

For the foregoing reasons, this Court finds that plaintiff's complaint fails to state a claim up which relief can be granted. Therefore, plaintiff's claims against defendant Western Union are dismissed with prejudice.

**IT IS SO ORDERED.**