Silva v. National Telewire Corp.          CV-99-219-JD   01/03/00
                    UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Michael S. Silva,
on behalf of himself
and all others similarly
situated

        v.                                 Civil No. 99-219-JD
                                           Opinion No. 2000 DNH 001
National Telewire Corporation
d/b/a Priority Service Network


                              O R D E R


     The plaintiff, Michael S. Silva, brings an action pursuant

to the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 et

seq. ("FDCPA"), alleging that the defendant, Priority Service

Network ("PSN"), has violated the FDCPA by failing to provide a

validation notice and by mailing letters implying a false sense

of urgency.  See 15 U.S.C.A. §§ 1692g(a), 1692e.  PSN moves to

dismiss the complaint, contending that Silva has not properly

alleged that it is a "debt collector" within the meaning of the

FDCPA.  For the reasons that follow, the motion is denied.


                         Standard of Review

     "After the pleadings are closed but within such time as not

to delay the trial, any party may move for judgment on the

pleadings."[1]  Fed. R. Civ. P. 12(c).  When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in his favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Background[2]

Silva alleges that in June of 1998 he received a "NOTICE OF PERSONAL DELIVERY TELEGRAM" from the defendant, PSN, that was sent in an effort to collect his Sears bill.  The notice said National Telewire had "AN IMPORTANT TELEGRAM MARKED FOR VOICE DELIVERY TO YOU" and instructed Silva to call the toll free number "immediately" to receive the message.  Silva had his

---

[1]Although PSN brings its motion pursuant to Fed. R. Civ. P. 12(b)(6), because it has filed its answer, the motion is more properly considered as one for judgment on the pleadings.

[2]The background information is taken from the allegations in the complaint and the copies of PSN's promotional materials and the notice sent to Silva that are attached to the complaint.

2

attorney call.  Silva contends that PSN captures the telephone numbers of consumers who call the toll-free number provided and provides the numbers to Sears for use in their collection efforts.

Silva further alleges that PSN has developed and uses the Telewire Electronic Message service for debt collection.  PSN advertises its service, stating:  "Thousands of different businesses and organizations have successfully used Telewire High Impact Messages to: Collect overdue accounts [and for other listed purposes]."  The advertising says that the messages "get opened because they look urgent and important."  PSN further promotes its service by saying: "Give us the name and addresses. Telewire does the rest.  .  .  .  When your customer calls our network center, the call can be patched to your collection department for immediate direct action."  Silva alleges, on information and belief, that Sears contracted with PSN to use its service for collection of its bills.

## Discussion

The FDCPA, in parts pertinent to Silva's claims, requires a debt collector to send the consumer written notice containing specific information either with the initial communication or within five days of it.  See § 1692g(a).  The FDCPA also

3

prohibits false or misleading representations used by a debt collector in connection with collecting debts, including false or deceptive means to obtain information concerning a consumer. See § 1692e, 1692e(10). PSN contends that Silva fails to state a claim under the FDCPA by failing to sufficiently allege that it is a debt collector as defined in § 1692a(6). PSN emphasizes that its on-line promotional package offers other uses for the service, in addition to debt collection, and argues that because of the limited nature of its debt collection services, it is not a debt collector.

The term "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." § 1692a(6). The definition of debt collector reaches beyond those engaged exclusively in the business of debt collections and includes, for example, lawyers who regularly engage in debt collection through litigation. See Heintz v. Jenkins, 514 U.S. 291, 294 (1995). In determining whether or not a defendant is a debt collector within the meaning of the FDCPA, courts have focused on the nature of the defendant's activities. See Romine v. Diversified Collection

4

Servs., Inc. , 155 F.3d 1142 (9th Cir. 1998). Several courts have held that those who serve as mere messengers of debt collection notices, without any active participation, are not debt collectors within the meaning of the FDCPA. See, e.g., Aquino v. Credit Control Servs., 4 F. Supp. 2d 927 (N.D. Cal. 1998); Laubach v. Arrow Serv. Bureau, Inc., 987 F. Supp. 625 (N.D. Ill. 1997); Trull v. Lason Sys., Inc., 982 F. Supp. 600 (N.D. Ill. 1997). In contrast, when a defendant's "activities go beyond mere information gathering or message delivery," such as obtaining and forwarding telephone numbers "by conveying a sense of urgency," those are activities "that the FDCPA was designed to deter." Romine, 155 F.3d at 1149 (holding Western Union was "debt collector" based upon its telegram service, developed for the collections industry, that stimulated responses to apparently urgent telegram notices in order to capture debtor's telephone number for collection service).

PSN distinguishes Romine on the ground that the Western Union service was aimed at debt collection, while PSN has not focused its promotional efforts toward debt collectors and offers the same service for other users. Silva has alleged, however, that PSN developed and uses the Telewire service for debt collection. The references to debt collection in the promotional materials sufficiently support Silva's allegations to allow the

5

claims to survive the motion to dismiss. PSN's status as a debt collector, based on the nature and extent of its debt collection activities, may be revisited, if appropriate, through a motion for summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 13) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 3, 2000

cc: Christopher J. Seufert, Esquire
    O. Randolph Bragg, Esquire
    Walter D. LeVine, Esquire
    Jeffrey B. Osburn, Esquire

6